C. MILLER *against* A. MILLER.

On a bill filed by a wife against her husband for a divorce, for adultery, a decree of divorce *a vinculo matrimonii* was pronounced; and the master reported the value of the defendant's real estate to be 3750 dollars, and of his personal estate, 800 dollars, and the whole annual value thereof to be 325 dollars, the Court allowed the plaintiff 100 dollars *per annum*, for her *alimony*, payable half yearly.

The general rule, in such cases, seems to be, to allow the wife a *third*, or, at least, a fourth part of the annual income of the husband's real estate; but it is in the power and discretion of the Court to vary the allowance from time to time, according to the circumstances of the parties.

BILL filed by the wife, against her husband, for a divorce, for adultery. The *answer* confessed the adultery. A reference was directed to a master to take and report the proof of the adultery charged, with his opinion thereon, and also to ascertain and report the amount of property, if any, the defendant acquired from his wife, and the present value of all his property, and the annual income thereof.

*April 16th.*

The master reported the proof of adultery, which was satisfactory, and also the proof touching the defendant's property; and the report stated, that the defendant had received property from the plaintiff to the amount of 223 dollars and 83 cents; and that the present value of his real estate was 3750 dollars, and his personal estate 800 dollars. That his real estate consisted of 300 acres of

land, and that the annual value of his real estate was 200 dollars, and of his personal estate 125 dollars.

It appeared by the report, that the parties were married in 1784 ; but never had any children. That the defendant is of the age of 60 years, and the plaintiff is between 86 and 92 years of age, and destitute of property, and was past the age of child-bearing when she married the defendant.

The cause was set down for hearing on the master's report, and the only point raised was touching the question of alimony.

*A. Smith*, for the plaintiff.

*E. Williams*, for the defendant.

THE CHANCELLOR. There must be the usual decree for a divorce *a vinculo matrimonii*, as the adultery is clearly established. The only difficulty is, to ascertain what sum, under all the circumstances of the case, would be a suitable allowance to the plaintiff for her support.

The statute says, that if the wife be the plaintiff, the Court may " make a further order, in addition to the decree dissolving the marriage, compelling the defendant to provide a suitable allowance to the plaintiff for her support, and such as, having regard to the circumstances of the parties, shall seem reasonable and just." The Court may, also, order the defendant to give reasonable security for such maintenance and allowance, and upon his neglect or refusal, it may sequester and apply towards her support, his personal estate, and the rents and profits of his real estate. (Sess. 36. ch. 102. s. 5.)

In this case, the defendant's real and personal estate is estimated at 4550 dollars ; and of this, all, except 800 dollars, is real estate, and the joint product of both is valued at 325 dollars. If the defendant had died, the plaintiff would have been entitled absolutely to one moiety of his

personal estate, and to the use for life of one third of his real estate. A third part of the income of the estate would be an allowance within what would have been the provision of the law, in case the marriage had been dissolved by his death. And I observe, that the ecclesiastical Courts, in cases of divorce *a mensa et thoro*, allow for alimony the one third, or at least (*vel ad minus*,) the fourth part of the annual income of the real estate. (*Oughton's Ordo Jud.* tit. 207. s. 6.) It appears to me that in this case an allowance of 100 dollars a year would not be unreasonable, and not more than sufficient to render this aged plaintiff comfortable; and, perhaps, it may be in the power and in the discretion of the Court to vary the allowance hereafter, if future circumstances in relation to the parties, or either of them, should dictate such a course; for the statute speaks of such maintenance or allowance as to the Court shall, " from time to time," seem just and reasonable.

There was a temporary allowance made pending the suit, without an accurate knowledge of the defendant's circumstances, of 20 dollars a month, which, of course, will be discontinued; and an order was, heretofore, made upon the defendant for the payment of 50 dollars, as an *extra* allowance, to enable the plaintiff to employ counsel, and to carry on her suit. I shall, therefore, only award taxable costs of this suit.

The following order was accordingly entered, in addition to the usual decree of divorce, *a vinculo matrimonii.*

" It is further ordered, that the defendant pay to the plaintiff, or to her order, during her natural life, or until the future order of this Court to the contrary, the annual sum of 100 dollars, payable half yearly, that is to say, 50 dollars on the first day of *October*, and 50 dollars on the first day of *April*, in every year, commencing with the first day of *October* next, the same being deemed a suitable allowance, having regard to the circumstances of the parties respectively, for her support and mainte-

1822.

MILLER
v.
MILLER.

nance; and that the defendant give such reasonable security as any one of the master's of this Court shall approve of, for the punctual payment of such maintenance and allowance, and on default thereof that the plaintiff be at liberty to apply to this Court for a sequestration of his estate, according to the provisions of the statute in such case made and provided. And it is further *ordered,* that the former order of this Court, touching a monthly allowance to the plaintiff, be deemed to have ceased, as to any future allowance, from and after the first day of *April* instant. And it is further ordered, that a copy of this decretal order be forthwith served upon the defendant, or his solicitor, and that either party be at liberty to apply, upon a future change of circumstances in the parties, or either of them, for such variation or modification of this order, touching the said allowance, as those future circumstances may dictate to be just. And it is further ordered, that the defendant pay to the plaintiff her ordinary taxable costs of this suit, after the same shall have been taxed, and that the plaintiff have execution therefor, according to the course and practice of the Court."