HOSACK and BLUNT, executors, &c. *vs.* ROGERS and others.

Since the passage of the act to abolish imprisonment for debt, and to punish fraudu-lent debtors, a final decree against an executor, for the payment of a debt due from the testator, cannot be enforced by attachment or sequestration. But the remedy of the complainant, where there are no funds of the testator, in the hands of the executor, which can be reached, is by an execution against the individual property of the executor, if he has wasted the funds of the estate which came to his hands.

Where an executor or trustee admits he has funds in his hands which are properly applicable to the payment of the debt or demand of the complainant, and an inter-locutory order or decree has been made for the payment of such funds into court, *it seems* such order or decree may be enforced by an attachment for contempt, if it is not complied with.

Process of sequestration, against the real and personal estate of a defendant, may be issued to enforce the performance of decrees, other than for the payment of money, where an attachment cannot be served upon the defendant, or where he continues to disobey the decree of the court, after his commitment for a contempt of court.

Choses in action, as well as property which is liable to sale upon execution, may be seized by the sequestrators upon process of sequestration.

The surrogate's court is the appropriate tribunal for the removal of an executor who is irresponsible, and to appoint another person in his place, when any of the prop-erty of the decedent remains in his hands unadministered.

THIS was an appeal, by the complainants, from a decision of the vice chancellor of the first circuit, denying an application for an attachment and sequestration against the defendant N. Rogers, to compel the performance of the decree in this cause. The bill was filed by the representatives of a creditor of A. Gracie de-ceased, against N. Rogers, as his executor, to recover a debt due to them from his testator. Upon the coming in of the report of a master, to whom it was referred to take and state the account of Rogers as such executor, there was found due from him a bal-ance of about $16,000, for the assets of the estate which had

come to his hands, beyond his payments and disoursements and what he was entitled to retain as a creditor. And the decree thereupon directed him to bring the amount thus found due, with the interest thereon, into court, after deducting his costs; to be distributed by the clerk among the creditors of Gracie, in proportion to the amounts of their several debts. The decree having been affirmed upon appeal, and remitted to the vice chancellor, an execution was issued upon the decree, against the property of Rogers, and was returned by the sheriff unsatisfied. It appeared upon the application, that the defendant Rogers still had in his hands some of the securities taken for the assets of his testator, which could be traced and identified.

*J. Blunt*, for the appellants.

*A. G. Rogers & A. Taber*, for the respondent.

THE CHANCELLOR. The vice chancellor was right in supposing that an attachment and sequestration were not proper remedies to enforce the performance of the decree in this cause. This court originally had no power to issue an ordinary execution against the property of a party, to enforce the performance of a decree for the payment of money; but the mode of enforcing the performance of such a decree was, the same as in other cases, by process of attachment against the defendant. The legislature of this state, however, at an early day, authorized the court to enforce obedience to its decrees by execution, either against the bodies of the persons who were bound to perform such decrees, or against their goods and chattels, and in default of goods and chattels, against their lands and tenements. (*Sess. Laws of* 1802, *p.* 28, § 9. 2 *R. S.* 183, § 110.) But as the statute did not take away the right of the court to enforce its decrees in the manner in which they had previously been enforced, the party obtaining the decree had the right to proceed as formerly, by attachment; and by sequestration of the property of the adverse party; where he could not be reached by an attachment. The sequestration, however, was only resorted to against

natural persons, after an attempt to reach the defendant by attachment had been found impracticable, or the party had been committed upon the attachment, and still refused or neglected to pay the amount decreed.

The act to abolish imprisonment for debt and to punish fraudulent debtors, has, however, prohibited the arrest or imprisonment of any person, on any execution issuing out of this court, in a suit or proceeding instituted for the recovery of money due upon any judgment or decree founded upon contract, or due on any contract, express or implied, or for the recovery of damages due upon a contract. (1 *R. S. 2d ed.* 807.) And it would be improper for this court to evade the object and intent of that statute, so far as relates to imprisonment in this court, by resorting to an attachment for a contempt, or to a precept to commit the defendant to prison, upon a decree for the payment of money only, in a case where the legislature has prohibited his imprisonment by execution upon such decree; although the same act exempts proceedings for contempts to enforce civil remedies from the operation of the provisions of the first section. The decree in this case was made in a suit instituted for the recovery of money due upon a contract; and it is a mere decree directing the payment of money, in satisfaction of the amounts due to the complainants and other creditors of the respondent's testator, and of the costs of the suit. It is also a final decree; upon which decree the ordinary course, previous to this non-imprisonment act, would have been to issue an execution, in the nature of a capias ad satisfaciendum, to compel the defendant to perform the decree, after an execution against his property had been found ineffectual. I think, therefore, that the complainants are not entitled to the aid of this court to imprison the respondent, for the mere non-payment of the money which he is decreed to pay in this cause, by any form of execution upon the decree. The case might have been different had it been a mere interlocutory order of the court, directing a trustee, who admitted the trust funds to be actually in his possession, or under his control, to bring the same into court for safe keeping. The reservation, in the second section of the non-imprisonment act, would probably extend to

such a case; as a proceeding to compel a compliance with such an order, would be strictly a proceeding for a contempt, to enforce a civil remedy. And the case of a trustee, who wilfully retained the possession of a fund which was still in his hands and actually under his control, in contempt of the authority of the court, would not be within the mischief which the first section of the non-imprisonment act was intended to remedy.

Here the papers show that the greater portion of the indebtedness of the respondent, for which he has been made liable by this decree, arose from an improvident investment of the trust fund, without the authority of the court, during the pendency of this suit; which investment, by the showing of the appellants themselves, is probably irrecoverably gone. But the respondent denies that the liability which he incurred by such improvident investment was fraudulently incurred, or that he knowingly took insufficient security for the loan of the fund.

The process of sequestration, although it has gone almost out of use, since the statute allowing an ordinary execution against the real as well as the personal estate of a party, to enforce the payment of money decreed by this court, may be properly resorted to as a means of enforcing the performance of other decrees, where an attachment cannot be served, or where the defendant chooses to remain in prison, after his commitment for contempt of the court. The better opinion also is, that choses in action, under certain circumstances, may be effectually reached by sequestrators; although they cannot be seized and sold by the sheriff, upon execution. (*See* 2 *Dan. Ch. Pr.* 712.) The appellants, however, were not in a situation to ask for a sequestration in this case, as they had not taken the preliminary steps to entitle them to the appointment of sequestrators. And it is doubtful whether a sequestration can be granted where, by the non-imprisonment act, a party cannot be committed upon execution, or by attachment, for not paying the money due upon a decree in a suit founded upon contract. The vice chancellor was therefore right in refusing to grant either an attachment, or a sequestration of the defendant's property. And the surrogate's court appears to be the appropriate tribunal, under the provisions

of the revised statutes, to remove the executor and appoint another in his place, where he has become irresponsible; and where any of the fund remains in his hands unadministered, which will be liable to loss on account of such pecuniary irresponsibility. I think, therefore, this court ought not to interfere to take the administration out of the respondent's hands, on a summary application, founded upon petition and affidavits.

The 'order appealed from is therefore affirmed, with costs; but the appellants are to be at liberty to offset such costs, against the amount due them upon the decree, if they shall elect to do so within sixty days after notice that such costs have been taxed, and of the amount thereof.