## SHERWOOD *vs.* JUDD.

### *In the matter of the Estate of* DAVID F. SHERWOOD, *deceased.*

A DECREE for payment, on the final accounting of the administrator, having been entered, and the administrator and the next of kin both residing in the State of Connecticut, where creditors of the next of kin factorized and trusteed the administrator on account of the sum directed by the decree to be paid by him to the next of kin,—*Held*, on a motion for an attachment against the administrator for not complying with the mandate of the decree, that. he was excused from payment until the determination of the suit in which the trustee process had been issued.

By the law of Connecticut, executors and administrators may be factorized by the creditors of legatees and distributees.

As a general rule, the laws of a foreign State, where the parties interested are domiciled, will be regarded and respected in another jurisdiction, unless they are in conflict with the rights of its citizens, or from reasons of inconvenience or public policy it would seem unwise to recognize them.

The decree of a Surrogate for the payment of money has the force of a judgment, and on filing a transcript with the county clerk, it can be enforced by execution against the property of the administrator, in the same manner as a judgment at law. The debt may also be collected by process of attachment, but that is only an additional remedy.

Debts follow the person of the debtor, and wherever the debtor may be, a judicial remedy for the recovery of the debt follows him.

W. LYONS, *for next of kin.*

I. The administrator is a public officer appointed by virtue of the laws of the State of New York. No person is to be adjudged a trustee by reason of any money in his hands for which he is accountable as a public officer to the principal defendant. (2 *Kent's Com., p.* 403, *note.*) Money in the hands of a sheriff, collected on execution, and belonging to the

debtor, is not liable to factorizing process. (*Wilder* vs. *Bailey*, 3 *Mass. R.*, 289.) In *McDaniel* vs. *Hughes*, 3 *East. R.*, 377, it was said that money directed to be paid by a master's *allocatur*, cannot be attached, being in contravention of a judicial order.

II. A person residing out of the State, and coming into it for a temporary purpose only, is not liable to foreign attachment. (2 *Kent's Com.*, 403, *n.*)

III. An administrator in New York is not a debtor in Connecticut, and cannot be attached. (*Stanton* vs. *Holmes*, 4 *Day. R.*, 87.)

J. G. Vose, *for Administrator.*

I. The statutes of Connecticut provide for the issuing of attachments against debtors. Such attachment when served upon any agent, factor, trustee, or debtor, prevents the payment or delivery to the debtor of any property or funds in the hands of the person factorized, and makes such person liable to the attaching creditor, the same as he would have been to the debtor had no attachment issued. (*Statutes of Connecticut*, 1838, *p.* 293, 294.) By subsequent statute passed in 1854, funds in the hands of an administrator became likewise subject to an attachment.

II. Almon Judd, the administrator, by force and virtue of the decree entered in this action the eleventh day of October, A. D., 1855, was directed to pay to Sturges Sherwood the sum of $1917,81, and such payment could have been enforced in this State by execution, under which not only the assets of the deceased, but also the real and personal property of Almon Judd, individually, are subject to levy.

III. Judd is here individually an ordinary judgment debtor, though creditors of the estate of which he is administrator have also certain other remedies for the collection of their debts by attachment of his person and prosecution of his bonds, but the decree against him has all the characteristics

of an ordinary judgment, and suits may be brought thereon in the same manner and within the same period as in cases of ordinary judgment.

IV. Almon Judd at the time of the granting of the letters of administration, resided and still resides in the State of Connecticut, where he owns real estate and transacts his business, and where his family resides.

There can be no doubt that in a court of competent jurisdiction in the State of Connecticut, Sturges Sherwood, or his voluntary assignee, could maintain an action against Almon Judd, upon the decree of this court.

If such action can be maintained by Sturges Sherwood or by his voluntary assignee, it certainly can be maintained by his creditors, who, by virtue of a statutory proceeding, have succeeded to the rights of Sturges Sherwood, and have become his assignees by law.

Sturges Sherwood would not be permitted to enforce the decree here and in Connecticut at the same time.

V. The proceedings in Connecticut, under which the attaching creditors of Sturges Sherwood will collect the sum payable to him by Judd, must be a bar to any proceedings for the collection of the same in this State.

THE SURROGATE.—The administrator having had his final account settled before me, and a decree for distribution having been entered, the intestate's next of kin, his father, has applied for an attachment to compel payment by the administrator, pursuant to the terms of the decree. The administrator and the intestate's father both reside in the State of Connecticut, and the former sets up in excuse for not complying with the Surrogate's decree, that he has been served with process in Connecticut, whereby he has " been factorized and trusteed, and required to retain in his hands" certain sums

claimed by alleged creditors of the father. If these attachments are a lien on the funds of the next of kin in the hands of the administrator, he will be excused from complying with the Surrogate's decree. It appears that formerly an executor or administrator could not, by the law of Connecticut, be factorized by creditors of legatees or next of kin ; but the statute has been altered, and there seems no longer to be any exemption of executors and administrators from this process, so far as the distributive shares of the parties entitled to the estate are concerned. His office, then, does not avail the administrator by way of answer or objection to the claims of the creditors of the distributees. The administrator and the distributee both residing in Connecticut, where the process has been issued, is there any reason why the laws of that State, and the rights of creditors residing there, should be disregarded by the courts of this State ? As a general rule the laws of a foreign State where the parties interested are domiciled, will be regarded and respected in another jurisdiction, unless they are in conflict with the rights of its citizens, or from reasons of inconvenience or public policy, it would seem unwise to recognize them. Foreign laws have no extra-territorial weight or force of their own, but are frequently received and adopted *ex comitate.* In the present instance the accounts of the administrator have been finally settled and adjusted by me, a decree has been entered, and the administrator has been directed to pay to the intestate's next of kin the surplus of the estate as ascertained on the accounting. The amount has been liquidated, and the decree has the force of a judgment, which, on filing a transcript with the county clerk, can be enforced by execution against the property of the administrator in this jurisdiction, in the same manner as a judgment at law. The debt may also be collected by process of attachment, but that is only an additional remedy. The decree then is to be taken as a judgment in favor of the next of kin. It establishes a debt certain. An action may be brought upon it. The debtor and the creditor both reside in Connecticut, and are subject to its laws. Debts in the

language of the civil law *nomina debitorum,* follow the person of the debtor, like his name. *Nomina infixa sunt ejus ossibus,—debita sequuntur personam debitoris.* The administrator, therefore owes this debt to the father, here, by virtue of my decree, and in Connecticut, by virtue of his own personal *situs.* Wherever he may be, the debt is there, and a judicial remedy for its recovery will exist by its side. The same remarks apply to the father of the intestate, in respect to his relations to his own creditors. All parties, then, are subject to the jurisdiction of the same State sovereignty. This is not a conflict for priorities between citizens of New York and citizens of a foreign State, but all persons claiming are citizens of Connecticut. I think the decision of the question, therefore, appropriately belongs to the tribunals of that State. In *Bissell* vs. *Briggs,* 9 *Mass. R.,* 468, Chief Justice Parsons said, " a debtor living in Massachusetts may have goods, effects, and credits in New Hampshire, where the creditor lives. The creditor there may lawfully attach these pursuant to the laws of that State, in the hands of the bailiff, factor, trustee, or garnishee of his debtor, and on recovering judgment these goods, effects, and credits may lawfully be applied to satisfy the judgment; and the bailiff, factor, trustee, or garnishee, if sued in this State for those goods, effects, or credits, shall in our courts be protected by that judgment; the courts in New Hampshire having jurisdiction of the cause for the purpose of rendering that judgment; and the bailiff, factor, trustee, or garnishee producing it, not to obtain execution of it here, but for his own justification." This rule appears reasonable where the parties are resident in different jurisdictions and *a fortiori,* where they have the same domicil and are amenable to the same law. Debts due to nonresidents are the subject of attachment according to the law of the debtor's place of residence, and much more then debts due to residents. I am therefore of opinion, that it is my duty to stay proceedings under the decree, against the administrator, in favor of the intestate's father, until the claims made in Connecticut are determined by the courts of that State.