# FREAR'S CASE.

*Surrogate's Court, City and County of New York; Jan.,* 1863.

## SURROGATE'S POWER TO ATTACH FOR DISOBEDIENCE.

The surrogate has power to proceed, by attachment, to enforce an order requiring a guardian to pay over moneys; but he should not exercise it until other remedies have been exhausted. The fact that the sureties on the guardian's bond have not been prosecuted, is an answer to a motion for an attachment against the guardian.

Motion for an order for an attachment.

The facts are stated in the opinion.

*Richard Winne,* for Miss Callahan, the appellant.

*C. Minor* and *D. R. Jacques,* opposed, for the guardian.

GIDEON J. TUCKER, Surrogate.—This is a motion for an order for an attachment against Alexander Frear, who was the guardian of Elizabeth Callahan during her minority. A decree was made by the surrogate on the 18th October, 1860, that Frear "do forthwith pay the residue of said moneys to the said Elizabeth Callahan—said residue being the sum of eight hundred and eleven dollars and twenty-one cents." He has not complied with the decree, and a balance remains due. A certificate of the decree has been docketed with the county clerk, and an execution issued against Frear for the balance due, which has been returned unsatisfied.

Mr. Frear resists this motion by an affidavit, which shows that when appointed guardian he was possessed of abundant means, but that he had since met with reverses, and made an assignment, and that judgments to a large amount exist against him. He also sets up the defence that the sureties on his bond as guardian have not been prosecuted.

This is a good answer to the motion, which must be for the present denied.

In the Matter of Latson (1 *Duer*, 696), Judge Emmet held that a Surrogate's Court has no power to enforce, by an attachment against the person, an order for the payment of money, if the money can be collected on execution.

This, however, was a case in which no certificate of the surrogate's decree had been filed, and no execution thereupon issued. But a stronger case is that in Doran *a.* Dempsey (1 *Bradf.*, 490), where such an execution had issued and returned unsatisfied, and yet the surrogate refused an attachment, because it was not shown that the detention of the assets, by the party against whom the decree was made, was wilful and intentional —he being poor, and actually unable to pay.

An attachment was also refused by Surrogate West, in the matter of Thomas Cunningham's estate (not reported), although an execution which had been issued against the administrator on the filing of a certificate of the surrogate's decree had been returned unsatisfied; the surrogate directing that the bond should first be prosecuted.

I do not, however, doubt the power of the surrogate to proceed by attachment in his discretion, when other remedies shall be exhausted. The writ of attachment is a harsh means of compulsion, and is to be resorted to only in extreme cases. The guardian in this case has mixed up the trust-funds of his ward with his own, and appears to have lost both; and the learned decision in Seaman *a.* Duryea (11 *N. Y.*, 324) satisfies me of my absolute power to punish him by attachment, other means failing.* "The bond of a guardian," says Judge W. F. Allen,

---

* It was held, in Seaman *a.* Duryea, that an attachment may issue against a guardian for non-compliance with the surrogate's decree striking the balance upon a final accounting, and ordering payment of the amount. Trust-moneys should be kept separate by the guardian, and disobedience to an order requiring this is a contempt. The case below in the Supreme Court, is reported in 10 *Barb.*, 523; and in the Surrogate's Court, in 7 *N. Y. Leg. Obs.*, 70.

In Sherwood *a.* Judd (3 *Bradf.*, 419), it was held that an attachment will not be granted by the surrogate, against an administrator, for not making a payment out of the assets in his hands, pursuant to a former decree, where the assets have been trusteed or attached in his hands, under the laws of another State, and by proceedings which constitute a lien on the funds. In Hosack *a.* Rogers (11 *Paige*, 603), it was held that since the act to abolish imprisonment for debt (2 *Rev. Stat.*, 2 ed., 807), an attachment cannot be issued against an executor, to compel satisfaction of a final decree against him for money due upon a contract of the testator, though it would be otherwise in case of actual contempt.

" is conditioned that he will in all things discharge the duty of a guardian to the minor according to law; and that he will render a true account of all the moneys and property received by him, and of the application thereof, and of his guardianship, in all respects, to any court having cognizance thereof, when required. (2 *Rev. Stat.*, 151, § 8.) And it would hardly be claimed that the refusal to pay over an ascertained balance would not be a breach of this condition."

Let there be an order directing an assignment of the bond for the purpose of prosecuting Frear and his sureties; and if this prove unavailing to recover Miss Callahan's money, I will then entertain the question of an attachment.