Robertson, J.
The present application is made under the judgment at Special Term, in this action, as affirmed by the Court of Appeals, directing the payment of a certain sum quarterly, by way of allowance to the plaintiff by the defendant. That judgment directed a certain mortgage to be transferred to a trust company as security for the payment of such allowance, and reserved to the plaintiff the right of applying for farther security. Part of such allowance is unpaid. The mortgage is not yet due, and the defendant has collected the interest thereon to the present time; so that it has furnished no means of paying the plaintiff the arrears of the allowance adjudged to her. It does not appear that any notice of the assignment of the mortgage, has ever been given to the mortgagor.
*688 Besides the judgment in this case, the Revised Statutes provide, that a court may require a husband to give reasonable security for an allowance adjudged by it to his wife, and upon his neglect to do so, or the default of him and his surety to provide such allowance, sequester his personal estate and the rents and profits of his real estate, appoint a Receiver thereof, and apply such personal estate, and rents and profits, towards such allowance, from time to time as seems to it just and reasonable. (2 R. S., 148, § 60.) This contemplates furnishing personal security by sureties in the first place, but in case of any neglect by the husband and his sureties, the immediate appropriation of his estate to the payment of the allowance. The giving of such surety was intended for the ease of the husband until he failed to perform the order of the Court.
Some laches was committed in not giving notice to the mortgagors of the assignment of the mortgage, so as to stop the receipt of the interest by the mortgagee, the defendant. It is fair, therefore, to assume, prima facie, that the plaintiff was willing that he should receive it. Such mortgage having been considered prima facie good security for the payment of the allowance, and no circumstance having occurred to lessen its value as such, it should first be used and the remedy on it exhausted, before requiring a new security to be given. The mortgage is for $75,000, and yields $4,500 interest. If the necessary sum could be raised by its pledge, so as to pay the arrears without interfering with the current allowance, it should be done by the Receivers, the Trust Company. If not, the mortgage should be sold by them, the arrears paid from the proceeds, and the residue invested to meet the allowance. The interest of $70,000, after paying such arrears, if obtained at six per cent, would exceed the amount of the allowance. If not sufficient, the plaintiff is to be at liberty to make a new application for further security.
I do not consider the Court authorized to sequester the defendant’s estate under the statute, until an order has *689 been made directing a bond or undertaking with sureties, as security for the allowance, and there has been a failure to comply with the terms of such bond or undertaking, on the part of the plaintiff and his surety. The mortgage given has taken the place of such security to some extent, and, as it is available, should be first employed, it being a quasi sequestration of that part of the defendant’s property.
The order must be drawn directing a sale of the mortgage in question, the payment of the arrears due, and the costs of the application, fixed at ten dollars, out of the proceeds, and the investment of the residue by the Trust Company, reserving liberty to the plaintiff to make any new application for further security she may be advised;