THE PEOPLE EX REL. PETER FRIES v. THOMAS M. RILEY, SHERIFF.

*Contempt — when a failure to pay a judgment for money cannot be treated as — when a party is entitled to be discharged on habeas corpus, although held under an order of the court.*

In March, 1881, a judgment was entered in the City Court of Brooklyn in favor of one Lanfahrt, against Peter and Eva Fries, as trustees, for the sum of $688.67, which judgment ordered and commanded the said Peter and Eva as trustees to pay the said sum to the plaintiff or her attorney upon demand. Thereafter, upon proof of a failure to pay the said sum upon demand, an order was made adjudging the said defendants guilty of a contempt, imposing a fine upon them and committing them to the county jail until it was paid.

Upon an application made by the relator, Peter, for his release upon a writ of *habeas corpus.*

*Held,* that the contempt intended to be charged did not fall within the definition of a criminal contempt.

That the judgment being one for the recovery of money only, and enforceable by execution, the order and command to pay the same was unlawfully inserted therein.

That the relator was entitled to be discharged.

APPEAL from an order made by a justice of the Supreme Court, dismissing the petition upon which a writ of *habeas corpus* to inquire into the grounds of the imprisonment of the relator had been granted, and quashing the writ.

In March, 1881, a judgment was entered in the City Court of Brooklyn in favor of one Caroline Lanfahrt against Peter and Eva Fries, as trustees, for $688.67, which contained a clause by which the defendants, as trustees, were " ordered, adjudged, decreed and commanded to pay to the above-named plaintiff, Caroline Lanfahrt, or her attorney, forthwith, on demand, the said sum of $688.67." March 9, 1881, a payment of $106.12 was made. June 2, 1881, upon the return of an order to show cause, an order was made by the said City Court of Brooklyn, adjudging that the defendants had " committed the offense of willfully disobeying the judgment, order or mandate of the court," in refusing to pay the said sum on demand, imposing upon them a fine of $640.55, and committing them to the county jail until the said sum, together with the costs and expenses of the proceeding, should be paid.

The writ was dismissed upon the ground that the only remedy of the relator was by an appeal from, or a motion to correct the judgment of the City Court.

*A. H. Dailey*, for the relator, appellant.

*James J. Rogers*, for Caroline Lanfahrt, " a person interested."

GILBERT, J. :

The contempt intended to be charged in this case falls under the definition of a contempt " punishable civilly," and is specifically enumerated in section 14 of the Code of Civil Procedure. It is not within the definition of a criminal contempt as prescribed by section 8 of that Code. The latter section makes willful disobdience of a lawful mandate of a court a criminal contempt. The return to the writ of *habeas corpus* consists of the commitment of the relator only. That contains no recital of a mandate as we under-stand the term. The offense charged therein consists of willfully disobeying the judgment, order or mandate of this (the city) court, bearing date the 5th day or March, 1881. A copy of that paper was presented to the judge on the return to the *habeas corpus*, and it purports to be the judgment rendered by the City Court of Brooklyn in an action between Caroline Lanfahrt, plaintiff, and the relator and Eva Fries, defendants, whereby it was ordered, adjudged and decreed that said Caroline recover of the relator and said Eva, as trustees, the sum of $476.47 of principal and interest, and the further sum of $212.25, costs and disbursements and allowances, and that said relator and said Eva, as trustees, jointly and severally pay to said Caroline, or to her attorney, forthwith on demand the sum of $688.67, which the judgment commanded them to do. Stripped of its irrelevant verbiage, that record is nothing more than a judgment for the payment of a sum of money. The fact that it was rendered against the defendants therein, as trustees, does not make it anything else. Nor is the " direction " or command inserted in it, " to pay forthwith on demand, " a " mandate " according to the statutory definition of that term. (Code Civil Pro., § 3343, subd. 2.) It certainly is not a writ or process. If it might be considered a " direction " within the meaning of that section, under any circum

stances, it cannot be so considered in this case, for the judgment is a final one for the payment of money only (Code Civil Pro., § 1200), and a " direction " inserted in it for the purpose of enforcing it is not one that is made pursuant to law. The Code provides that a judgment may be enforced by serving a copy thereof in certain specified cases, one of which is, " when the judgment is final and cannot be enforced by execution," as prescribed in section 1240. This case is not included in that specification, but is impliedly excluded therefrom. (Code Civil Pro., § 1241, subd. 1.) Section 1240 provides that a final judgment for a sum of money, or when it directs the payment of a sum of money, may be enforced by execution. The effect of these two sections is to render any other process or " direction " for the enforcement of a judgment for the payment of money, except an execution, illegal. The disobedience which constitutes the alleged contempt was not of a lawful mandate, and was not, therefore, a criminal contempt.

The power to punish a neglect or violation of duty which consists of the non-payment of a sum of money, ordered or adjudged by the court to be paid, is expressly limited to cases where by law execution cannot be awarded for the collection of such sum. (Code Civil Pro., §§ 14, 2266.) There exists no undefined power authorizing the commitment of citizens for contempt in cases defined and limited by statute. (*Lansing* v. *Lansing*, 4 Lans., 377; *Hosack* v. *Rogers*, 11 Paige, 603; *Matter of Watson* v. *Nelson*, 69 N. Y., 537; *O'Gara* v. *Kearney*, 77 id., 423.)

The relator having been committed to prison in a proceeding not authorized by law, the only remaining question is whether it was the duty of the court below to discharge him. If prior to the decision of the Court of Appeals in the case of the *People ex rel. Tweed* v. *Liscomb* (60 N. Y., 559) any doubt might have arisen respecting the power of the court on this subject, it seems to me that that decision and the statute since passed have left no room for such doubt. The court or judge before whom a prisoner is brought by virtue of a writ of *habeas corpus* must make a final order discharging him from imprisonment if no lawful cause therefor is shown. If it appears upon the return that the prisoner is in custody by virtue of a mandate in a civil cause, he may be discharged when the mandate is defective in substance required by law rendering it void, or when

it was issued in a case not allowed by law. (Code Civil Pro., §§ 2031–2033, subs. 3, 4.) If the "direction" contained in the judgment of the City Court was a "mandate" then, as we have already shown, it was issued "in a case not allowed by law." If it was not a mandate, then no lawful cause was shown for the imprisonment of the relator. In other words, no cause whatever was shown upon the latter hypothesis, and upon the former the cause shown was unlawful. The prohibition contained in section 2034 of the Code of Civil Procedure, against inquiring into the legality or justice of the supposed "mandate," in this case is, by its terms, inapplicable to the proceeding under review.

The order appealed from must be reversed, with costs and disbursements, and an order must be entered discharging the relator.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Order vacating writ of *habeas corpus* reversed, with costs and disbursments, and relator discharged.