KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—July, 1882.

FERGUSON V. CUMMINGS.

*In the matter of the estate of* MARY KELLINGER, *de-
ceased.*

An objection to a decree directing an executor to pay certain legacies, on
the ground that, the legatees' interests being several, they could not
join in one proceeding to compel payment, is available only upon ap-
peal; if tenable, it affords no excuse for disobeying the decree.

The extraordinary power, conferred upon Surrogates' courts, to enforce
their decrees for the payment of money by punishing delinquent parties
for contempt, should be exercised in conformity to the liberal spirit
of the State legislation on the subject of imprisonment for debt.

Though Code Civ. Pro., § 2555, subd. 4 provides that "the Surrogate
*may enforce*" a decree relating to the estate of a decedent and directing
an executor, etc., to pay money, by punishment for contempt without
issuing an execution, the manifest spirit of the provisions of the Code,
*in pari materia,* applicable to other courts, seems to require that the
preliminary issuing of an execution should not be dispensed with, except
for some good reason.

People, *ex rel.* v. Riley, 25 *Hun,* 587—distinguished.

APPLICATION by Catharine Ferguson, Thomas D.
Luther and Margaret Meakim, legatees under decedent's
will, to punish Thomas Cummings, executor thereof, for
contempt in disobeying a decree. The facts appear suffi-
ciently in the opinion.

ARTHUR VAN DE WATER, *for the legatees.*

JAMES J. ROGERS, *for the executor.*

THE SURROGATE.—This is an application to punish an

executor for contempt of court in refusing to obey a decree requiring him to pay to legatees a proportional part of their respective legacies.

On the return of the order to show cause why he should not be so punished, the executor appeared by attorney, and moved to dismiss the proceeding: 1st, on the ground that, the claims of the legatees being several, they could not join in one proceeding to enforce payment of the same, and that, therefore, the decree obtained in that proceeding was void; and 2nd, because an execution had not been issued on the decree against the executor, and returned unsatisfied.

In answer to the first objection, it is sufficient to say that it cannot be taken in this proceeding. It does not go to the jurisdiction of the court. If sound and not waived, it would at most be cause for reversing the decree on appeal; but it affords no excuse for disobeying it (Erie R. Co. v. Ramsey, *45 N. Y.*, on p. *644*).

As to the second objection, it is expressly provided that, where, as in this case, the delinquent is an executor, and the decree relates to the estate, it may be enforced by punishing him for a contempt of court without issuing an execution (Code, § 2555, subd. 4).

The case of The People *ex rel.* Fries v. Riley (*25 Hun, 587*) is not in conflict with these views; it does not refer to decrees rendered in Surrogates' courts, but to judgments for the payment of money obtained in other courts of record, which can be enforced only by execution against the property in the first instance (Code, § 1240), and, in certain cases, by execution against the person after the return of an execution against property unsatisfied (Code, §§ 1487, 1489).

But while the Surrogate *may* enforce a decree directing the payment of money by an executor, and which relates to the estate of his testator, without issuing an execution, it is discretionary with him to do so, or to first require the return of an execution against the property of the executor (Code, § 2555, subd. 4); and the manifest spirit of the provisions of the Code, on the subject, applicable to other courts, would seem 'to require that he should not dispense with the preliminary issuing of the execution without some good reason.

The extraordinary power given to the Surrogates' courts, to enforce obedience to their decrees for the payment of money, by punishing the delinquent for a contempt of court, should be exercised in conformity to the liberal spirit of our legislation on the subject of imprisonment for debt (Doran v. Dempsey, *1 Bradf., 490;* Matter of Latson, *1 Duer, 696;* Hosack v. Rogers, *11 Paige, 603; In re* Guardianship of Elizabeth Callahan, *1 Tucker, 62*).

In the case at bar, nothing appears to show the necessity or propriety of resorting, in the first instance, to the severe measure of punishing the executor for a contempt of court, for the purpose of enforcing the decree made against him, requiring him to pay money which may perhaps be collected on an execution against his property. If the decree in question had been obtained in the Supreme Court, it could be enforced only by execution (People *ex rel.* Fries v. Riley, *supra*). There is no hardship, therefore, in requiring the legatees to issue an execution against the property of the executor, before attempting to enforce the decree by punishing the executor for a contempt of court, in the absence of any reason

shown for a contrary course.   The proceedings must be dismissed without costs.

Ordered accordingly.