## ROXANNA J. SLEEPER, RESPONDENT, *v.* SIDNEY S. SLEEPER, APPELLANT.

*Divorce — separation upon the ground of cruel treatment — what is a proper allowance to be made by a husband for his wife — Code of Civil Procedure, secs.* 1762, 1766.

In an action brought by a wife against her husband to secure a separation upon the ground of cruel treatment, it appeared that the wife was fifty-five and the husband fifty-six years of age; that they had no children, and that his property amounted to $4,500. The court, by its judgment, directed the husband to pay the wife for her support and maintenance $1,500 in three equal annual payments.

*Held,* that the allowance was excessive.

That a suitable provision would have been that he pay her fifteen dollars a month during their joint lives only.

APPEAL by the defendant Sidney S. Sleeper from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 16th day of April, 1890, granting to the plaintiff a judgment of separation and an allowance of $1,500 for her support, payable in three equal annual payments, after a trial at the Erie Circuit before the court.

*Adelbert Moot,* for the appellant.

*W. Thayer,* for the respondent.

MACOMBER, J.:

At the time of the decision entered in this case at Special Term, namely, the 13th day of April, 1889, the plaintiff was fifty-five and the defendant fifty-six years of age. They had inter-married on the 12th day of October, 1882, and had lived and cohabited together as husband and wife until the year 1884, when, through cruel and inhuman treatment inflicted by the defendant, the plaintiff was compelled to leave her home, and she remained away until the fall of that year, when, through the persuasions of the defendant, she again began and continued to cohabit with him until the 20th day of February, 1888, when, through like ill-treatment, she was obliged to leave his bed and board; and the parties hereto have lived separate and apart since that time.

That the acts complained of by the plaintiff were perpetrated by the defendant, and that she was justified in leaving him, is abundantly established by the evidence. The conclusion of the trial court in that regard cannot, as it seems to us, be successfully disputed on this appeal.

A serious question, however, is raised touching the terms upon which the court has decreed the separation in respect to the provisions made for maintenance and support of the wife. The whole of the property of the defendant, as is shown by the evidence and found by the trial judge, does not exceed in value the sum of four thousand five hundred dollars. The findings and judgment direct that the defendant pay to the plaintiff the sum of $1,500 for her support and maintenance in three equal annual payments, the first to be made within one year from the date of the service of the copy of the judgment; and, until such payment, the defendant was required to furnish to the plaintiff the sum of twenty dollars per month, but such monthly payments, if made, were to apply upon the first installment of $500. This judgment of $1,500 is made a lien upon all of the defendant's real estate.

It appears, therefore, that the decision and judgment have awarded to the plaintiff a money judgment against the defendant in a sum amounting to one-third of the defendant's entire property.

Section 1762 of the Code of Civil Procedure, following the provisions of the Revised Statutes, authorizes an action for separation in the following cases: (1.) For cruel and inhuman treatment of the

plaintiff by the defendant. (2.) Where such conduct on the part of the defendant towards the plaintiff is such as may render cohabitation unsafe and improper.

Section 1766 authorizes the court to compel the defendant to provide suitably for the education and maintenance of the children of the marriage and for the support of the plaintiff as justice requires, having regard to the circumstances of the respective parties.

The parties to this action have no children, hence it appears that the court has, as it were, partitioned the defendant's property between him and his wife, giving to the latter one-third of the same. This statute, as we understand it, did not contemplate such a judgment. The plaintiff was entitled, having established her cause of action, to a separate maintenance and to a reasonable support therein, but, by the very terms of the act, the judgment should have special regard to the circumstances of the respective parties in fixing the amount of such allowance. No case has been cited to us, and we believe that none exists, which would warrant this particular form of judgment. Much latitude is by statute necessarily given to the courts in determining what would be a reasonable support, having proper regard to the circumstances of the parties. No rigid and fixed rule can be safely enunciated in one case which would apply to all others. The cases of *Miller* v. *Miller* (6 Johns. Ch., 91), and *Burr* v. *Burr* (10 Paige, 37), which have never been overruled, but, on the contrary, have afforded an intelligent basis for many subsequent decisions, are, in principle, at variance with the contention made by the learned counsel for the respondent.

We are of the opinion that in this case, having regard to the circumstances of the parties, a suitable allowance to the plaintiff for her maintenance and support would be the sum of fifteen dollars a month from the time of the entry of the judgment herein, and that such payment should continue no longer than during the joint lives of both parties, and that the plaintiff should have a lien for such payments upon the real estate of the defendant.

DWIGHT P. J., and LEWIS, J., concurred.

Judgment appealed from modified as indicated in the opinion, and as modified affirmed, without costs of this appeal to either party.

The judgment to be settled by the justice writing the opinion.