MOORE v. MOORE.

(Supreme Court, Appellate Division, First Department.   March 10, 1911.)

1. DIVORCE (§ 331*)—FOREIGN DECREE—ALIMONY—ENFORCEMENT—STATUTES.
   The purpose of the amendment (Laws 1904, c. 318), to Code Civ. Proc. § 1772, providing that where a judgment for divorce or separation rendered in another state on the ground of adultery, on which an action has been brought in the state and judgment rendered therein, requires a husband to provide for the support of his wife, the court may direct him to give security for the payment of the money required, etc., was to apply to the enforcement of the payment of alimony awarded by a decree of divorce of another state the same remedies applicable to the enforcement of a judgment in the state.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842;  Dec. Dig. § 331.*]

2. DIVORCE (§ 331*)—ALIMONY—ENFORCEMENT—RETROACTIVE STATUTE.
   Such amendment providing a remedy in the nature of execution and not of judgment is retroactive.
   [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 331.*]

3. DIVORCE (§ 331*)—ENFORCEMENT OF ALIMONY—SECURITY AND SEQUESTRATION—FOREIGN JUDGMENTS—EQUITABLE ACTION.
   Code Civ. Proc. § 1772, provides that, where a judgment for a divorce or separation rendered in another state on the ground of adultery on which an action has been brought in the state and judgment rendered thereon requires a husband to provide support for his wife, the court may require security, and, on failure to give security, sequester the personal property and rents of real property, and appoint a receiver to compel payment.   Held that, where judgment has been rendered on a decree rendered in a foreign state for support, the equitable remedy of security and sequestration is applicable to the judgment, since the action under the statute is equitable, and only one action is required.
   [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 331.*]

4. DIVORCE (§ 331*)—ENFORCEMENT OF ALIMONY—SECURITY—PAST ALIMONY.
   Under such statutes, security may be required for past alimony.
   [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 331.*]

5. DIVORCE (§ 331*)—ENFORCEMENT OF ALIMONY—SEQUESTRATION—EQUITABLE ASSETS—INCOME OF HUSBAND.
   The sequestration authorized by the statutes will reach equitable assets, and the judgment may require the past and future monthly pay-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ments of alimony to be secured by compelling payment of the income coming to the husband from his father's estate to a receiver, and there is no objection to the judgment that it requires the delivery of a check to the receiver if the income is paid to the husband in that manner.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 331.*]

6. DIVORCE (§ 331*)—ENFORCEMENT OF ALIMONY—SEQUESTRATION—ANTICIPATORY ORDER.

Sequestration being the proper remedy under such statute, it may be enforced in the equitable action in which the judgment is rendered and by an anticipatory order at the foot of the judgment.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 331.*]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Gertrude L. Moore against Henry G. Moore. From a judgment for plaintiff, and from an order modifying or affecting the same made at the foot thereof, defendant appeals. Judgment and order affirmed.

See, also, 126 N. Y. Supp. 936.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and MILLER, JJ.

Abraham Snydecker (Roger Foster, of counsel), for appellant.
Benno Loewy (Morgan J. O'Brien, of counsel), for respondent.

MILLER, J. This is a suit to enforce the payment of alimony decreed by a judgment of divorce on the ground of adultery rendered May 9, 1902, by the court of common pleas of the county of Philadelphia, state of Pennsylvania. The judgment appealed from adjudged that the said decree be made the judgment and decree of this court; that the plaintiff recover the sum of $28,999.71 back alimony, together with $6,235 interest; that the defendant pay to the plaintiff $333.33 a month alimony, the sum awarded by the Pennsylvania decree, from and after January 18, 1910; that he gave a bond for $60,000 conditioned upon compliance with the terms of the judgment; that, upon receiving each monthly installment of income from the estate of his father, the defendant pay $1,400, to be applied $333.33 as monthly installments of alimony and the balance to the payment of back alimony; that, if he fail to make said payment or to give said bond, the plaintiff should be entitled to a further order at the foot of the judgment appointing a receiver, and directing that the defendant, upon receiving any installment of income from the estate of his father, immediately pay over the same to said receiver, and, if the said payment of income be made by check, that he immediately deliver said check, duly indorsed, to the receiver, and that the latter pay $1,000 thereof monthly to defendant and apply the balance $333.33 on future alimony, and the remainder on back alimony. Upon the defendant's application for a stay pending an appeal from the judgment, an order was made at the foot of the judgment, upon his consent, making the provisions respecting the receivership operative. The present appeal is from said judgment and order.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The judgment contains provisions not authorized in a judgment creditor's action. The complaint does not allege that the legal remedies have been exhausted, and the point was taken at the opening of the case, and insisted upon throughout the trial. The judgment can therefore be sustained only perforce of section 1772 of the Code of Civil Procedure, and it becomes necessary to construe and to determine the application of that section. It is as follows:

"Where a judgment rendered, or an order made, as prescribed in this article, or in either of the last two articles [or a judgment for divorce or separation rendered in another state, upon the ground of adultery upon which an action has been brought in this state, and judgment rendered therein], requires a husband to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court may, in its discretion, also direct him to give reasonable security, in such a manner, and within such a time, as it thinks proper, for the payment from time to time, of the sums of money required for that purpose. If he fails to give the security, or to make any payment required by the terms of such a judgment or order, whether he has or has not given security therefor; or to pay any sum of money which he is required to pay by an order, made as prescribed in section 1769 of this act; the court may cause his personal property, and the rents and profits of his real property, to be sequestered, and may appoint a receiver thereof. The rents and profits and other property, so sequestered, may be, from time to time, applied, under the direction of the court, to the payment of any of the sums of money specified in this section, as justice requires."

The words in brackets were added by chapter 318 of the Laws of 1904. It is reasonable to suppose that the amendment was made to meet the decision in Lynde v. Lynde, 41 App. Div. 280, 58 N. Y. Supp. 567; Id., 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332; Id., 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810. At any rate, the statute as amended should be construed in the light of that decision, and it is well to see precisely what was involved. That was a suit on a judgment for divorce and alimony rendered in the Court of Chancery in New Jersey. The judgment of the Special Term provided that the decree for alimony be enforced "with like force and effect as if the judgment were a judgment of this court," required the defendant to pay the plaintiff back alimony, and $80 a week in the future, and to give $100,000 security for the payment thereof, enjoined him from disposing of any property, except the income thereof until he made the required payments and gave the said security; and appointed a receiver, to whom he was required to transfer his real and personal estate, if he failed to pay or to secure the payment of said alimony.

It was decided that the equitable remedies provided by the Code of Civil Procedure for enforcing the payment of alimony applied only to judgments of separation or divorce in actions brought in this state; that the New Jersey judgment did not bring with it into this state the remedies for its enforcement of the state where rendered; and that, in the first instance, the plaintiff could only recover a money judgment for past alimony and issue execution thereon. Mr. Justice Gray, speaking for the United States Supreme Court, said:

"The provisions for bond, sequestration, receiver and injunction, being in the nature of execution, and not of judgment, could have no extra territorial

operation; but the action of the courts of New York in these respects depended on the local statutes and practice of the state and involved no federal question."

In the light of the judicial utterances in that case the Legislature amended section 1772, and it seems reasonably plain that the purpose of the amendment was to apply to the enforcement of the payment of alimony, awarded by the decree of divorce of another state upon the ground of adultery, precisely the same remedies applicable to the enforcement of a judgment of this state. As those remedies are in the nature of execution, and not of judgment, the amendment was retroactive. Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189.

With that in mind, we may proceed to a more critical examination of the language employed. The subject of the verb "requires" is "judgment rendered, or an order made, as prescribed," etc., and "judgment for divorce or separation rendered in another state," etc. When a judgment is rendered in this state requiring the husband "to provide for the education or maintenance of any of the children of a marriage, or for the support of his wife, the court may, in its discretion, also direct," etc. That is to say, on rendering such a judgment, the court may provide in it for "security," etc., and it has long been the practice in this state to do that (See Miller v. Miller, 6 Johns. Ch. 91; Burr v. Burr, 10 Paige, 20; Galusha v. Galusha, 108 N. Y. 114, 15 N. E. 63), though, of course, an application may be made at the foot of the judgment for security and sequestration. Upon rendering judgment, then, upon a judgment of divorce or separation rendered in another state upon the ground of adultery, which required the husband to provide for the education or maintenance of the children or for the support of the wife, the court may also in its discretion provide for security and sequestration. The security is to be given for the payment "of the sums of money required for that purpose." How required for that purpose? In the one case by the judgment of divorce or separation rendered in this state, in the other case by the judgment of divorce or separation rendered in another state. Plainly, the two are treated precisely alike so far as the enforcement of the provisions for alimony is concerned. The equitable remedies are given to compel obedience to the requirements of the foreign judgment, upon which a judgment is recovered in this state. No distinction is made between alimony accrued and alimony to accrue. Obviously the Legislature did not intend to require successive actions for each periodical payment. Nor did it intend to require an action at law for alimony already accrued, and an action in equity to enforce future payments. On the contrary, it seems to me that a single action was contemplated, as the result of which the equitable remedies theretofore applicable solely to the enforcement of domestic judgments could be applied to the enforcement of the alimony provisions of the foreign judgment, which to that extent was thereby to become a judgment of this state. Of course, the question of requiring security for past alimony does not often arise in this state. However, there is authority for it. Forrest v. Forrest, 8 Bosw. 640; Id., 25 N. Y. 501. The defendant's obligation to support his wife survived the decree of divorce

granted for his infidelity. The Pennsylvania judgment merely established the amount which he should pay, and thus fixed the status and the rights of the parties. Although in the receipt of a large income, he has succeeded thus far in evading the discharge of that obligation, and there certainly can be no injustice in requiring security for the payment of both past and future alimony. We are agreed that sequestration is appropriate to enforce payment of both past and future alimony, and it seems to me that both security and sequestration stand on the same basis. While security need not be required as a condition of sequestration, the Code provides for the latter as the consequence of a failure to give the former. If security were given, that would doubtless have to be exhausted before resorting to sequestration. See Forrest v. Forrest, 9 Bosw. 686.

The language of the statute, in the light of the evident purpose of the amendment, shows that the Legislature intended to apply the equitable remedies of security and sequestration to the enforcement of a judgment for alimony of another state, granted upon the ground of adultery, upon which a judgment is recovered in this state, precisely the same as though the judgment for divorce and alimony had been rendered in the first instance in this state. Plainly, an action in equity, not an action at law to recover past alimony merely, was contemplated. The suggestion in the appellant's brief of moving for security and sequestration at the foot of a judgment at law seems strange even now. It would have seemed stranger still when the law courts were disputing the right, even of the chancery courts, to employ the writ of sequestration. The judgment provides in the alternative for security or sequestration. We can see no valid objection to that form of judgment. While the provision adjudging that the Pennsylvania decree be made the judgment and decree of this court is perhaps unscientific, as the decree of divorce still remains the decree of the state of Pennsylvania, this action being concerned only with the provision for alimony, that does not harm the defendant. It remains to be considered whether the provisions with respect to the monthly payments of income may be sustained.

We may get some light on the question by considering what the court could do independently of section 1772, if this were a judgment creditor's action. In Wetmore v. Wetmore the present presiding justice of this court, sitting at Special Term, gave the plaintiff judgment directing trustees to pay, not only the surplus income of a trust fund, but the entire income accrued and to accrue, in payment both of accrued and future alimony, and the judgment was affirmed by the Court of Appeals with a slight modification allowing the defendant to move at the foot of the judgment upon a change of circumstances. Wetmore v. Wetmore, 8 Misc. Rep. 51, 28 N. Y. Supp. 377; Id., 79 Hun, 268, 29 N. Y. Supp. 440; Id., 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. The opinions delivered in the Supreme Court and the Court of Appeals in that case are illuminative of the question before us. All recognized the distinction between an action by a former wife, seeking to enforce payment of alimony, and the ordinary judgment creditor's action. That distinction was pointed out in Miller v. Miller, 1 Abb. N. C. 30, and in

Thompson v. Thompson, 52 Hun, 456, 5 N. Y. Supp. 604, which were cited with approval by Judge Haight in the Wetmore Case. The principle of the decision was that in equity the husband and wife would be treated as one and included in the use to which the income of a trust fund for the benefit of the husband was to be applied. Within that principle a court having jurisdiction to administer the trust could, independently of the rules applicable to an ordinary judgment creditor's action, compel the application of the income to the support of both husband and wife, and that, too, in an action directly against the trustees. A fortiori, the court can compel the former husband upon the receipt of the income by him to apply it to the discharge of his obligation. Indeed, after the money is received by him, it becomes subject to the payment of his debts, and such is the law of Pennsylvania. Board of Charities & Correction v. Lockwood, 198 Pa. 572, 48 Atl. 496, 82 Am. St. Rep. 817. If it may be anticipate the accruing income in a proceeding directly against the trustee, why may it not do the like in a proceeding directly against the debtor? Why may it not do effectually by an anticipatory order what it might undertake to do, though unsuccessfully, after he has received the money and perhaps disposed of it? The payment of the income during the defendant's life depends upon no contingency. To be sure, the court has no jurisdiction over the Pennsylvania trust, but it has jurisdiction of the defendant. Directing him what to do upon receipt of the income in no way interferes with the administration of the trust. The case being in equity, the court allows him to retain a sufficient sum for his own support. Surely he cannot complain of that as the entire sum upon its receipt by him is subject to the payment of his debts. It follows then, as the corollary of the proposition decided in the Wetmore Case, that, if the provisions regarding the payment of income were stricken from this judgment, the plaintiff could make it the basis of a judgment creditor's suit for a discovery, in which she could get the relief now awarded. Is it necessary to remit the plaintiff to another action? That depends upon the construction of the statute, which empowers the court upon rendering judgment to require security, and to cause the defendant's "personal property and the rents and profits of his real property to be sequestered," and to appoint a receiver thereof.

Continental Trust Company v. Wetmore, 67 Hun, 9, 21 N. Y. Supp. 746, which preceded the case of Wetmore v. Wetmore, supra, may seem to be an authority for the necessity of successive actions. That was an action by the receiver, appointed by an order sequestering the property of the defendant in the divorce action, and was brought, not against said defendant, but against a third party, the trustee. The order appointing the receiver contained no direction with reference to the application of income, and it was held, upon the authority of a case involving a receivership in supplementary proceedings, that the receiver took no title to income not accrued, and that any right to a share of the income arising out of the marital relation was personal to the plaintiff in the divorce action, and would have to be asserted by her. The right is being asserted in this action by the former wife, the suit is against the former husband, not a third party, and the

judgment contains explicit directions. If the plaintiff were an ordinary creditor, it would, of course, be necessary for her to proceed to judgment and execution before she could compel discovery of equitable assets. But she is seeking to enforce the defendant's obligation to support her. The Pennsylvania judgment liquidated that obligation, and the statute provides that the obligation thus liquidated may, upon the recovery of a judgment in this state, be enforced, in the action in which the judgment is recovered, by sequestering the defendant's property and appointing a receiver thereof. The question, therefore, is whether equitable assets may be reached in sequestration proceedings.

While the ancient writ of sequestration on mesne process has entirely gone out of use, and the process of attachment and sequestration to enforce a final decree for the payment of money has largely been superseded by the writ of execution (Geery v. Geery, 63 N. Y. 252), still the equitable remedy of sequestration has been preserved in certain cases, in substance, without the ancient procedure and processes. While expressions of doubt may be found in the books as to whether equitable assets are subject to the process of sequestration, an examination of the early cases will show, I think, that the real doubt was as to the proceeding necessary against third parties in aid of the process. While the question has rarely arisen in this country, the only authorities which I have found support the proposition that equitable assets may be reached by sequestration. White v. Geraerdt, 1 Edw. Ch. 336; Hosack v. Rogers, 11 Paige, 603; Grew v. Breed, 12 Metc. (Mass.) 363, 46 Am. Dec. 687. The first case was overruled by Geery v. Geery, supra, but upon the point that a judgment for the payment of money was to be enforced by execution. The early English cases were examined by Mr. Justice Fay in Re Slade (1881) 18 Ch. Div. L. R. 653, a case which certainly went as far as we are required to go in this case. In that case a writ of sequestration was issued to enforce an order for the payment of damages and costs against a corespondent in a divorce case. He was entitled to certain trust moneys, being administered in a chancery action. The sequestrators, though not parties, moved in that action to subject his interest in the fund to the payment of said damages and costs, and an order was made requiring the trustees to pay the annual income of £130 to the sequestrators. It was not doubted that the sequestrators could reach the fund in some appropriate way. The doubt was as to whether they could do it by way of motion. Sequestration being an appropriate remedy, then, to reach equitable assets, why should the plaintiff be driven to another action? She is now in a court of equity. I think the court is not powerless to make the sequestration effectual, and that it may do by an anticipatory order what it could plainly do in a judgment creditor's suit.

It is said that the check is a mere piece of paper. If so, the defendant will not be harmed by delivering it properly indorsed to the receiver. It is unnecessary to decide whether the trustees could stop payment and successfully defend a suit on the checks. They may not see fit to do that. Personally, I do not see that the direction to turn over the checks adds anything to the provision requiring the payment of the money when received, as one can be enforced as easily as the

other. The provision, however, requiring payment of the specific money or the delivery of the checks does add to the general provision requiring monthly payments, and it is obvious that without such a specific provision the judgment will prove as futile as the Pennsylvania judgment has been thus far.

The judgment and order should be affirmed, with costs.

INGRAHAM, P. J., and LAUGHLIN and SCOTT, JJ., concur. McLAUGHLIN, J., dissents.