TOMPERS v. TOMPERS.

(Supreme Court, Special Term, New York County. June 20, 1916.)

1. CREDITORS' SUIT ⊗═8(6)—REACHING SALARY.
  Defendant's salary cannot be reached by means of creditors' suit, except to the extent that it has accrued at the time of the commencement of the action.

  [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 25, 26; Dec. Dig. ⊗═8(6).]

2. DIVORCE ⊗═266—JUDICIAL SEPARATION—SUPPORT AND MAINTENANCE—STATUTE.
  Under Code Civ. Proc. § 1772, touching support and maintenance, etc., of wife and children after a judgment of divorce or separation, where defendant husband was entitled to nothing except payment for services to be performed, the rate of payment being prescribed by the written agreement of employment, which did not of itself give him any right to receive salary or income, his earnings accruing subsequently to the appointment of the receiver could not be reached by the wife in sequestration proceedings.

  [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 741; Dec. Dig. ⊗═266.]

Action by Beulah Hickman Tompers against Julius Nicolas Tompers. On motion to compel the defendant and a third party to turn over personal property to the receiver. Motion denied.

Joseph E. Cavanaugh, of New York City, for the motion.
Baldwin & Hutchins, of New York City (John T. McGovern, of New York City, of counsel), opposed.

GIEGERICH, J.   [1, 2]  It seems to be settled that the plaintiff could not reach the defendant's salary by means of a creditors' suit except to the extent that it had accrued at the time of the commencement of the action.   Browning v. Bettis, 8 Paige, 568;  Valentine v. Williams, 159 N. Y. Supp. 815.  If future earnings could not be reached by a suit in equity, it would be an anomaly to hold that upon an application to sequester the defendant's property under section 1772 of the Code of Civil Procedure, earnings accruing subsequent to the appointment of the receiver could be claimed by him.   It was not suggested in either Moore v. Moore, 143 App. Div. 428, 128 N. Y. Supp. 259, or Zwingmann v. Zwingmann, 150 App. Div. 358, 134 N. Y. Supp. 1077, that in the sequestration proceedings in those cases anything more was being accomplished than might have been attained by an action in equity.   On the contrary, in Moore v. Moore the court rested its decision, in part, at any rate, upon the proposition that what was there allowed to be done by sequestration could undoubtedly have been done in a judgment creditors' suit.   143 App. Div. 436–437, 128 N. Y. Supp. 259.

The present case differs from the two cases last cited in that in those cases the right to the income in the one case and the pension in the other was vested in the defendant at the time sequestration was sought.   This was expressly pointed out in Moore v. Moore, 143 App. Div. 434, 128 N. Y. Supp. 259, where the court noted that the payment of the income during defendant's life did not depend on any contingency.   In the present case, however, the defendant was entitled to nothing except in payment for services to be performed.   While the rate of payment is prescribed by the written agreement, that agreement does not of itself give the defendant any right to receive salary or income.   If he does receive salary, it will be only in payment for services to be rendered.   The case therefore comes within the principle of Browning v. Bettis, supra, and the cases there discussed.   I think, therefore, the plaintiff must be left to the usual remedy of contempt proceedings or an execution against the defendant's salary until the Legislature sees fit to provide a more adequate means of meeting such a situation.   It appears from one of the moving affidavits that the written contract of which the receiver seeks possession has been filed as part of the judgment roll in this action.

Motion denied, without costs.   Order signed.