Barrett, J.
In the previous action between these parties, the general term sustained the order refusing the injunction, † upon the ground that an execution had not been returned unsatisfied, on the judgment for alimony in the court of common pleas. That defect having been remedied, the plaintiff again applies for an injunction.
The case, as now presented, is distinguishable from *37 Campbell v. Foster (35 N. Y. 361), in that it is not instituted by a receiver appointed in supplementary proceedings, but by a judgment creditor who, following Judge Weight’s intimation in the case cited, now makes the direct “issue upon the amount necessary for the debtor’s support.” In that case, the reporter states, “ Six judges affirm on the ground that the fund cannot be reached.” It is not intimated that the six judges expressed the opinion that the surplus income derivable from the fund could not be reached in a proper suit and with proper averments.
In this respect, the pleader in the present complaint not only accepts Judge Weight’s suggestions, but he directly follows Graff v. Bonnett, 31 N. Y. 9, 15, where Hogeboom, J., remarks,—“If the interest of the debtor in this property is only subject to the claims of his creditors in a particular contingency, and then only to a limited extent, to wit, on the report of a surplus over and above an amount necessary or proper for his maintenance and support, we cannot infer that such surplus existed, and it was the office and duty of the pleader, by proper averments, to present such fact in the complaint.’’
The present case is distinguishable, too, from Hann v. Van Voorhis (5 Hun, 12 N. Y. Supreme Ct. 425),* in the fact which is here distinctly averred by the plaintiff, and admitted because not denied by the trustee, that a surplus actually exists.
While the trustees are silent on this subject, the defendant, Miller, is seemingly evasive. At all events, his denial is not distinct and specific. The averment is, that “there is a surplus in the hands of the executors and trustees belonging to said [ plaintiff's husband], and which he is entitled to receive, of not less than two thousand dollars.”
*38 The denial is of “a surplus now in the hands of said executors and trustees amounting to two thousand dollars; ” and this is coupled with an averment “ that there is no surplus in their hands.” It will be observed that the denial is of a surplus generally, not of a surplus “ belonging to said [plaintiff's husband]1,” and “which he is entitled to receive.”
But even if he had met the averment squarely, the injunction would not be dissolved because the beneficiary, without furnishing the court with facts or figures, believes his wants to be in excess of the accumulation, and thus feels himself justified in formally denying that in a legal sense, and as he understands it, a surplus exists.
Under such circumstances, the injunction should be retained until the issue on that head can be properly tried.
These views are based upon the treatment of the plaintiff as an ordinary judgment creditor. Whether that is her just position before the court, is certainly a question which is worthy of consideration.
Her judgment is not at law, but in equity, and it is a judgment by which a faithless husband is required to make provision for the maintenance of his children, as well as for the woman he has wronged. Are his children to be treated as judgment creditors also % A rule under the protection of which such a defendant might enjoy the income of one million of dollars quite as securely as the income derivable from the fund in question, while his children of tender years, and former wife, are suffered to want for the necessaries of life, does not seem to have been contemplated by any of the cases, and as an original question, the court should refuse to sanction such injustice, until admonished by an appellate tribunal, that there is no distinction between such an equity judgment and that obtained at law by an ordinary contract creditor.
*39 The injunction must be limited to enough of the surplus income to cover the plaintiff’s judgment with interest and the costs and expenses of this action (say-two thousand dollars), and as thus limited, it must be continued until the hearing. Ten dollars costs of this motion to the plaintiff.

 7 Hun, 208; See also Baldwin v. Ryan, 3 Supm. Ct. (T. & C.) 251; Payne v. Sheldon, 63 Barb. 169; Sweey v. Sheridan, 37 Super. Ct.

 Reported in 15 Abb Pr. N. S. 79.