SAMUEL TOLLES, Respondent, *v.* W. STANARD WOOD et al., as Trustees, etc., Appellants.

Where a trust provides for the payment of the income of the trust fund to the beneficiary, a judgment creditor of such beneficiary may maintain an action in equity to reach and appropriate to the payment of his judgment the surplus income beyond what is necessary for the suitable support and maintenance of the *cestui que trust* and those dependent upon him.

This rule applies as well where the trust fund from which the income is derived is personal property as where it is real estate.

The disposition of the income may not be anticipated by the *cestui que trust* or incumbered by any contract entered into by him, providing for its pledge, transfer, or alienation previous to its accumulation.

The creditor by the commencement of the action acquires a lien upon the accrued and unexpended surplus, or that subsequently arising from the fund superior to the claims of general creditors, or assignees of the *cestui que trust*.

(Argued March 9, 1885 ; decided April 21, 1885.)

THIS action was brought by plaintiff, as a judgment creditor of defendant W. Stanard Wood, to reach, and have applied in satisfaction of his judgment, the surplus income beyond what was needed for the support and maintenance of said defendant, arising from a fund held in trust for said defendant, by defendants as trustees under the will of Silas Wood, deceased.

The following extract from the opinion contains the facts, so far as material to the question upon which the case was decided, and so much of the opinion as was concurred in by a majority of the court.

That portion of the opinion not so concurred in is omitted

" No serious dispute arose on the argument over the main questions of law involved in the controversy, and the following propositions may, therefore, be assumed as established for all of the purposes of this discussion.

" 1. When a trust has been created by one person for the benefit of another, which provides for the payment of the income trust fund to the beneficiary, a judgment creditor of such beneficiary is entitled to maintain an action in equity to reach and recover the surplus income beyond what is necessary for the suitable support and maintenance of the *cestui que trust*, and those dependent upon him. (Code of Civil Pro., §§ 1871, 1879 ; *Williams* v. *Thorn*, 70 N. Y. 270 ; *Graff* v. *Bonnett*, 31 id. 9 ; *Craig* v. *Hone*, 2 Edw. Ch. 570.)

" 2. This rule applies as well when the income is derivable from a trust of personal property as that from real estate. (*Hallett* v. *Thompson*, 5 Paige, 583 ; *Williams* v. *Thorn*, *supra;* § 57, art. 2, title 2, chap. 1, Part 2, R. S., p. 2182.)

" 3. The disposition of such an income cannot be anticipated by the *cestui que trust* or encumbered by any contract entered

into by him providing for its pledge, transfer or alienation previous to its accumulation. (§ 63, R. S., p. 2182; *Graff* v. *Bonnett, supra; Williams* v. *Thorn, supra; Scott* v. *Nevius,* 6 Duer, 672.)

" 4. The creditor of such a beneficiary acquires a lien upon the accrued and unexpended surplus income, or that subsequently arising from such fund, superior to the claims of general creditors or assignees of the *cestui que trust,* by the commencment of an action in equity to reach and appropriate it to the satisfaction of his judgment. " *Williams* v. *Thorn (supra).*

" The head-note of the case states that " what are necessaries is a mixed question of law and fact, and therefore the opinion of a witness as to what was a proper expenditure is not admissible. The trust fund in this case consisted of both real and personal property, and the will creating it expressly provided that the *cestui que trust* should have no power to anticipate the rents, income or profits thereof.

The *cestui que trust,* although served with process in the action, suffered default, so far as he was individually concerned but is defending as one of the trustees of the fund from which the income in dispute is derived.

" The following facts among others were found by the referee upon the trial, and so far as they are supported by evidence, must be regarded as conclusively established in the consideration of this appeal: That Silas Wood died prior to the year 1852, leaving a last will and testament, whereby he devised certain real and personal property to his executors in trust to pay the rents, income and profits thereof to his son Wilmer S. for his use, but without any power of anticipation on his part ; that the defendants are now the trustees of the said fund, the said Wilmer S. Wood having been duly appointed as such, on the death of one of the original trustees on the 21st day of March, 1863 ; that said Wilmer S. for a long time previous to the trial had been entitled to and in the receipt of said income, and that the complaint in this action was served on said Wilmer S. on the 27th day of January, 1883 ; that the net income of said fund accruing to the said Wilmer S. between the said 27th January and the date of said report, December 4 thereafter, was $4,159.86, and the amount paid personally to

said beneficiary between said dates was $1,375; that during the same time the trustees paid, by the direction of the *cestui que trust*, $1,099.80 as interest upon a debt owing by him to one Robert Center, and the further sum of $708.82, for premiums upon life insurance policies held by said trustees upon the life of said Wilmer S. as security for an indebtedness of $27,000, owing by him to the trust fund, and they retained the further sum of $810 as interest upon such debt.

"We are of the opinion that the judgment of the court below should be sustained upon the ground that there was an accumulated surplus in the hands of the defendants at the time of the rendition of the judgment which had accrued during the pendency of the action, and was applicable to the payment of the plaintiff's judgment, and was sufficient to discharge the same. The expenditure of that sum by them for the purposes, and under the circumstances found by the referee, was a violation of the rights secured by the plaintiff by the commencement of this action, and was unauthorized by any power vested in them. This sum was inalienable by the *cestui que trust*, and actual experiment had demonstrated that it was not needed for his support during the period of its accumulation. The amount of this accumulation would seem to be more than sufficient to discharge the obligations of the plaintiff, and if this should prove to be so, would render the provision in the decree for a further application of surplus income unnecessary. We think the judgment should be affirmed."

*Flamen B. Candler* for appellants.

*Edgar A. Turrell* for respondent.

RUGER, Ch. J., reads for affirmance of judgment; EARL, J., concurs; RAPALLO, ANDREWS and MILLER, JJ., concur on last ground; DANFORTH and FINCH, JJ., dissent.

Judgment affirmed.