AUGUSTUS A. LEVEY, AS RECEIVER, ETC., APPELLANT, *v.* WILLIAM L. BULL, INDIVIDUALLY AND AS EXECUTOR AND TRUSTEE OF HENRY R. WORTHINGTON, DECEASED, AND OTHERS, RESPONDENTS.

*Receiver appointed in proceedings supplementary to execution — Code of Civil Procedure, sec. 2463 — he cannot recover surplus income received by the judgment-debtor under a trust created by another person.*

A receiver of the property of a judgment-debtor, appointed in proceedings supplementary to execution, cannot maintain an action to reach any surplus income coming to the judgment-debtor under a trust created by a person other than the judgment-debtor.

The power to proceed against the trust fund is confined to the judgment-creditor, who must proceed by a direct action,

APPEAL from a judgment entered in Kings county in favor of the defendants, sustaining demurrers interposed by them to the amended complaint.

*E. R. Johnes,* for the appellant.

*Wm. A. Jenner,* for Bull, respondent.

*George C. Blanke,* for the respondents Hines and Perry.

BARNARD, P. J.:

The plaintiff is a receiver appointed in proceedings supplementary to execution upon judgment against Amelia J. Roe and Henry F. Worthington. These judgments are several, and there are other judg

ments against these two persons severally, wherein the same receivership has been extended to include tnem. These two judgment debtors are the children of Henry R. Worthington. By his will the executors are directed to pay from the income $10,000 a year to the widow and the remaining income to pay quarterly to his four children, of whom these judgment debtors are two, during the lifetime of the wife. Upon her death the estate is directed to be divided among these four children. If the children should not be living at the death of the widow the shares should go to the deceased children's children. The property is thus held in trust for the life of the widow and these two judgment creditors have each a right to one-quarter of the income over $10,000 during her life. In *Campbell* v. *Foster* (35 N. Y., 361) it was held by the Court of Appeals that this fund could not be reached by creditors. In *Williams* v. *Thorn* (81 N. Y., 382) it was held that it was within the power of the court to fix a definite amount of income from a trust fund which should be surplus, and direct that that surplus should go to judgment creditors.

The question now is whether a receiver in supplementary proceedings can bring an action for the purpose. Receivers in these proceedings have no power beyond that given by statute, and by section 2463 of the Code such proceedings are decided not to apply when property is held in trust for a judgment debtor where the trust proceeded from a person other than a judgment debtor. This decision leaves the only power to proceed against the trust fund to the creditors by direct action as was done in *Tolles* v. *Wood* (99 N. Y., 616); *Manning* v. *Evans* (19 Hun, 500).

Assuming therefore that the averments in the complaint are sufficient to charge that there is an accumulated surplus, the receiver is not the party who is clothed with the power as such to raise the question.

The judgment should therefore be affirmed, with costs.

PRATT, J., concurred.

Order sustaining demurrer to complaint and judgment therein affirmed, with costs.