AMELIA T. THOMPSON, Respondent, v. CHARLES THOMPSON, Respondent, and MARY T. McCONIHE, as Executrix, etc., of GILBERT G. THOMPSON, Late of the City of Troy, Deceased, Appellant.

*Alimony to a wife — ordered to be paid out of the income of a fund held in trust for the husband — rights of such wife and their child in such income, as against creditors of the husband.*

Where, in an action for divorce, an allowance for alimony is made to the plaintiff, the wife, to be paid by her husband, a trustee required by the will of his testator to pay over, annually, to the husband the income of a trust estate, may be ordered by the court to pay to the wife an amount of such income equal to the alimony awarded to her.

A trust, created by a will which gives the rest and residue of the testator's estate to the executrix therein named, in trust, to invest the same and pay over the income thereof to the son of the testator up to a certain date, and at such date to pay over the *corpus* of the trust to said son, extends also to the support of the wife and child of such son; and a judicial provision for their support out of such income is a proper application thereof, and paramount to the rights of judgment-creditors of the husband.

APPEAL by Mary T. McConihe, as executrix, etc., from a judgment in favor of the plaintiff entered, upon the decision of the court after a trial at the Rensselaer Special Term, in the office of the clerk of Rensselaer county, February 1, 1889.

The plaintiff obtained, on the 19th day of April, 1888, a judgment of divorce against her husband, the defendant Charles Thompson. The judgment directed the defendant to pay the plaintiff, yearly, the sum of $800 for her support and that of their child, whose custody was awarded to her. The defendant is entitled, under the will of his deceased father, to the income upon an estate valued at $39,344, which income was found in this action to be $1,600 yearly. The defendant Mary T. McConihe is the executrix and trustee under the will, and has the custody of the estate charged with the payment of said income under the will of Gilbert G. Thompson, which provides in the third item thereof as follows:

"*Third.* I further give, devise and bequeath unto my said executrix, all the rest, residue and remainder of my estate, real, personal and mixed, and of every name and nature whatsoever, and wheresoever the same may be situated, including all that I am now or

may hereafter be entitled to take and receive under and by virtue of the will of my father, Charles W. Thompson, deceased, at the time of the death of my mother, Margaret G. Thompson, in trust, nevertheless to take possession and charge of the same and every part thereof, and to use, manage, sell, dispose of, loan out, invest and reinvest, and apply the same and the interest, profits, income and avails thereof, to and for the following uses and purposes, that is to say : First. To account for and to pay over the net income, interest, and use of the same as it may from time to time be received by my said executrix, to my said son, Charles E. Thompson, until the first day of January, in the year one thousand eight hundred and ninety-five, at which said last-mentioned period of time, the said Charles E. Thompson shall, if living, be entitled to demand, take, have, and receive the whole of said estate, or the avails thereof, so to be held by my said executrix as aforesaid, together with all the accumulations of income and interest thereon, should there be or remain any unpaid thereon, at which said last-mentioned time, my said executrix is directed to transfer and pay over to the said Charles E. Thompson the whole of said estate or the avails thereof, so held by my said executrix in trust, as aforesaid, together with the accumulations, income and interest thereof."

The plaintiff sought in this action to compel the trustee to pay to her, out of the income payable to her husband, the amount allowed her in the divorce suit. The defendant Charles Thompson appeared by attorney, but interposed no answer. From the judgment in favor of the plaintiff the trustee appealed.

*J. K. Long,* for Mary T. McConihe, the appellant.

*Merritt & Ryan,* for the plaintiff, respondent.

*R. C. Jennyss,* for the defendant Charles Thompson, respondent.

LANDON, J. :

The appellant has no grievance. She is simply directed to pay a portion of the income of the trust estate in her hands to the plaintiff, the wife of the defendant Charles Thompson, instead of paying it to Thompson himself. The sum directed to be paid is the alimony and allowance awarded by the judgment obtained in an action for divorce by the plaintiff against her husband, Charles

458   PEOPLE ex rel. TROY UNION R. R. CO. *v.* CARTER.

THIRD DEPARTMENT, MAY TERM, 1889.

Thompson.   In this action the defendant Charles Thompson appears by his attorney and suffers default.   The appellant must pay the income of the trust estate, and this judgment protects her in paying a portion of it to the plaintiff.   The only persons who can claim that they are not bound by this judgment are the judgment-creditors of Charles Thompson.   The trial court held, and, we think, properly, that the trust created by the will of Gilbert G. Thompson, for the support of Charles Thompson, extends also to the support of his wife and child, and that a judicial provision for their support out of the income is a proper application of a portion of the income, and paramount to the rights of judgment-creditors.   (*Tolles* v. *Wood*, 99 N. Y., 616.)   Should a judgment-creditor hereafter attempt to impeach such provision, the court would extend the necessary protection to the appellant as trustee.

We think the judgment right, and that it should be affirmed.

Judgment affirmed, costs of both parties payable out of the fund.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment affirmed, with costs to both parties out of the fund.