THE CONTINENTAL TRUST COMPANY OF THE CITY OF NEW YORK, as Receiver, etc., of WILLIAM B. WETMORE, Respondent, *v.* SARAH TAYLOR WETMORE, Individually and as Executrix of SAMUEL WETMORE, Deceased, and as Trustee under his Will for WILLIAM B. WETMORE, Appellant, Impleaded with Others, Defendants.

*Divorce — sequestration of the husband's property — a trust fund for the benefit of the husband — a receiver does not represent a wife entitled to alimony.*

Annette B. Wetmore obtained a divorce from William B. Wetmore, who failed to pay alimony which he had been decreed to pay, and his property was thereupon sequestrated and the Continental Trust Company of the City of New York was appointed receiver thereof.

Under the will of Samuel Wetmore, deceased, a trust was created in favor of William B. Wetmore, the income of which was to be applied to his use during life; and it was expressly directed by the will that William B. Wetmore should have no power to anticipate or dispose of the income until it had accrued.

The receiver brought an action against the trustee of William B. Wetmore to reach his interest in the fund, the complaint in which did not show that there was any accrued income on hand and not paid over to the beneficiary; and no proof of any such income was made when an injunction was granted restraining the trustee, pending the action, from receiving or paying over the income.

Upon an appeal by the trustee from the injunction order:

*Held,* that it could not be sustained.

That the receiver took no title to income which accrued after his appointment, and it did not appear that there was any on hand when he was appointed.

That, in no event, could the receiver take title to the income, present or future, this right, if it existed, being the personal right of Annette B. Wetmore growing out of her action for a divorce.

That the receiver did not represent her in the sequestration proceedings in respect to such income.

*Semble,* that any relief which the wife could obtain must be by proceeding in the action of divorce.

APPEAL by the defendant, Sarah Taylor Wetmore, individually, as executrix of Samuel Wetmore, deceased, and as sole surviving trustee under said will for William B. Wetmore, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 17th day of October, 1892,

enjoining and restraining her from making any disposition of the securities and stocks mentioned in the complaint in this action as constituting the trust estate therein mentioned and referred to, and from in any manner interfering therewith, and from collecting or receiving any of the income accrued, or hereafter to accrue, from the said trust securities and stocks, or any or either of them, and from paying over any of said trust income to the defendant William B. Wetmore, or to any other person whomsoever; and further providing that the defendant, William B. Wetmore, be enjoined and restrained from receiving any of the said income, and from in any manner interfering therewith; and that the defendants, the Lehigh Valley Railroad Company, the Warren Railroad Company, the Utica, Chenango and Susquehanna Valley Railroad Company, the New York, Lake Erie and Western Railroad Company, the Delaware and Hudson Canal Company, the Erie and Pittsburgh Railroad Company, the Buffalo and Erie Railroad Company and the Bank of America, be enjoined and restrained from transferring upon their books any of the securities belonging to the said trust estate, and also be enjoined and restrained from making any payments of any dividends or income upon or from any of the stocks or securities constituting the said trust estate, or any part thereof, except under the orders of this court to be made in this action, or its judgment to be made herein.

*S. P. Nash*, for the appellant.

*F. B. Candler*, for the respondent.

Van Brunt, P. J.:

On the 1st day of April, 1892, one Annette B. Wetmore, the wife of William B. Wetmore, obtained a decree of absolute divorce against her husband, and in the decree allowing such divorce the defendant Wetmore was directed to pay to her for alimony $3,000 a year and $1,000 for each of her three children during their minority, the first payment to be made on the 1st day of July, 1892. The defendant, William B. Wetmore, having failed to comply with the directions contained in the decree of divorce, in respect to the payment of alimony, on the 26th of July, 1892, the plaintiff in that action obtained an order under section 1772 of the Code, by

which the personal property and the rents and profits of the real property of said defendant Wetmore were sequestrated and the Continental Trust Company, the plaintiff herein, was appointed receiver of such personal property of said Wetmore and of the rents and profits of his real property. This action was subsequently brought against the appellant, Sarah T. Wetmore, as executrix and trustee under her husband's will, and others to reach the interest of the said William B. Wetmore in a trust fund of $100,000, provided for by the fifth clause of the will of the appellant's husband, by which he gave to his executors, other than his son, the said William B. Wetmore, $100,000 upon trust to keep the same invested and receive the income thereof and, after deducting reasonable charges for the management of the trust, to apply the net income of the said trust fund, from time to time as it should accrue, to the use of his son, William B. Wetmore, as long as he should live. By the eighth clause of the will the testator directed that no person for whose benefit any trust was thereby created should have power to antici-pate or dispose of any income directed to be paid or applied to the use of such person until the same should have fully accrued and become payable to such use, and the trustees of the respective trusts were empowered and requested to disregard and defeat every assignment or contract in contravention of this clause of the will.

There was no allegation in the complaint that, at the time of the appointment of the receiver in the sequestration proceedings, any income had accrued or was payable under this trust; nor that there was at that time in the trustees' hands any income which had not been previously paid over to the beneficiary.

Upon the foregoing facts an application was made to the court for an injunction *pendente lite* restraining the defendant Sarah T. Wetmore from making any disposition of the stocks or securities constituting the trust estate, and also enjoining and restraining her from collecting and receiving any income accrued, or thereafter to accrue, from the said trust securities and stocks, or any or either of them, and from paying over any of said trust income of said William B. Wetmore to any other person or persons whomsoever. From this injunction order this appeal is taken.

The only question which is necessary to discuss is, can this receiver in sequestration proceedings maintain such an action? Or is it not

the rule of law that the relief sought, if obtainable at all, can only be by action brought in the name of the plaintiff in the action for divorce?

We think when we consider the rights and powers of the plaintiff, and the property of which the plaintiff was appointed receiver, it is apparent that this action cannot be maintained. The receivership did not and could not extend to the principal of the trust fund in the hands of the appellant, as trustee. The plaintiff was appointed receiver of the personal property of the defendant William B. Wetmore, and of the rents and profits of his real estate. By no fiction of law can income, which may result from investments held in trust, and which income, when it does result, belongs to a party, be held to be the personal property of such party until it has accrued.

It is a familiar principle that a receivership in supplementary proceedings does not apply to property subsequently acquired by the defendant, unless such property issued out of property, the possession of which passed to the receiver, as the rents of real estate of which a receiver has been appointed. (*Dubois* v. *Cassidy*, 75 N. Y., 298.) And the same rule must necessarily apply to a receiver appointed in sequestration proceedings. In supplementary proceedings the receiver is appointed of the property of the judgment-debtor. In sequestration proceedings a receiver of his personal property may be appointed, and of the rents and profits of his real estate; the sequestration receiver taking less than a receiver in supplementary proceedings. Therefore, it seems to follow, as a necessary result, that such receiver acquires no title to personal property acquired subsequent to his appointment.

In the case at bar, at the time of the appointment of this plaintiff as receiver and of the commencement of this action, there was no property upon which the appointment of the plaintiff, as receiver, could attach, and it is only sought by this proceeding to reach some income which, perhaps, may in the future accrue to the defendant William B. Wetmore. We fail to see how the plaintiff makes out title to any such property. If there is any obligation arising out of the marital relation which had existed between the plaintiff and the defendant in the action for divorce, which authorized the court to enforce against the husband the payment, out of future accruing income, of the alimony awarded to the plaintiff in the action for

divorce, such right is a personal right, and the receiver in sequestration proceedings is not the representative of the wife in respect to it. Much as we may condemn the willful defiance by the defendant William B. Wetmore of the decrees and orders of the court, yet such a condition of affairs affords no ground for this court to violate the plain principles of law in order to lay our hands upon him.

The order should be reversed, with ten dollars costs and disbursements.

FOLLETT, J., concurred.

Order reversed, with ten dollars costs and disbursements.