ANNETTE B. WETMORE, Respondent, *v.* SARAH TAYLOR WETMORE, Individually and as Trustee under the Last Will and Testament of SAMUEL WETMORE, Deceased, and WILLIAM B. WETMORE, Impleaded, etc., Appellants.

1. HUSBAND AND WIFE — DIVORCE — SUBJECTION OF INCOME OF TRUST FOR HUSBAND'S BENEFIT TO PAYMENT OF ALIMONY. The effect of a judgment in an action for divorce, awarding alimony to the wife, directed to be paid by the husband, is to make her a creditor of the husband within the intention of the Statute of Uses and Trusts (1 R. S. 729, § 57), and, after having exhausted the remedy given her by the Code to obtain payment of alimony, she is entitled, through an action in equity, to subject the surplus income, over what is required for the husband's support, of a testamentary trust created for the husband's benefit without any valid direction for the accumulation of income, to payment of her alimony both past due and to accrue.

2. TESTAMENTARY TRUST NOT ANNULLED BY JUDGMENT APPLYING INCOME TO PAYMENT OF ALIMONY. When a will bequeaths property in trust and directs that the income be applied by the trustee, from time to time as it shall accrue, to the use of the testator's son for life, without any direction for accumulation, and that the son shall have no power to antici- pate or dispose of any of the income until fully accrued, and declares that the will is made with reference to the laws of the state of New York relat- ing to trusts, the will is not subverted nor the trust annulled by a judg- ment compelling the trustee to apply the surplus income of the trust which should thereafter accrue, as well as that then accumulated, over what is required for the son's support, to payment of alimony awarded to the son's wife by a judgment of divorce.

3. MARITAL UNITY — RIGHT TO SUPPORT. When a will creating a trust for the benefit of a married man makes no mention of his wife, a just rule and a safe basis for adjustment, where the question of support arises between him and his wife, are furnished by treating them as one, and both entitled to support out of the income of the estate, so far as creditors are concerned.

4. PROVISION FOR HUSBAND's SUPPORT. While it is the duty of the court, in an action in equity subjecting the income of a trust created for the benefit of the husband to payment of alimony to his wife, to protect the husband's right to support, the judgment in such action need make no provision for his present support, where it appears that he has an income sufficient therefor derived from property possessed by him in his own right; but the judgment should permit him to apply at any time, in case of a change in his circumstances, for leave to share in the income of the trust.

*Wetmore* v. *Wetmore*, 79 Hun, 268, modified.

(Argued April 28, 1896; decided May 26, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 15, 1894, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. P. Nash* for appellant, Sarah T. Wetmore. The judg- ment appealed from subverts the will of Samuel Wetmore, in effect abrogates the perfectly legal provisions made by him

66

for the support of his son William B., and displaces the trustee, Sarah Taylor Wetmore, while at the same time adjudging that there is no ground for her removal. (*Douglas* v. *Cruger*, 80 N. Y. 15; *Cuthbert* v. *Chauvet*, 136 N. Y. 326; *Lent* v. *Howard*, 89 N. Y. 169; *Leggett* v. *Perkins*, 2 N. Y. 297; *Wetmore* v. *Truslow*, 51 N. Y. 338; *Hood* v. *Cathcart*, L. R. [2 Q. B. Div. 1894] 559; *Pike* v. *Fitzgibbon*, L. R. [17 Ch. Div.] 454; *Loftus* v. *Heriot*, L. R. [2 Q. B. Div. 1895] 212.) The plaintiff sought to obtain the relief prayed for by invoking the provision of the statute that the surplus of such a fund beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created shall be liable in equity to the claims of the creditors of such person in the same manner as other personal property which cannot be reached by an execution at law. The language of this section does not subject the trust fund to the plaintiff's claims. She is not a creditor. (*Romaine* v. *Chauncey*, 129 N. Y. 566.) The income cannot be reached for the purpose of satisfying a judgment for alimony upon the ground that the beneficiary's wife and children are included in the personal use to which the income of the trust fund is to be applied. (2 Bishop on Mar. & Div. § 352; *Genet* v. *Beekman*, 45 Barb. 382; *Miller* v. *Miller*, 7 Hun, 208; *Stones* v. *Cooke*, 7 Sim. 22; 2 Story's Eq. Juris. § 1476; *Adams* v. *Adams*, 100 Mass. 365; *Codd* v. *Codd*, 2 Johns. Ch. 141; Code Civ. Proc. §§ 548, 1913.) The error of the judgment appealed from is that it entirely disregards statutes which permit just such a trust as that which the decision subverts. (1 R. S. 729, 730, §§ 60, 63.) The jurisdiction of the courts in matrimonial actions is purely statutory. The rights of husband or wife to a divorce depend upon the statutes, and are as various as the opinions of the legislators who enact them, and so the remedies of the aggrieved party are those only which the statutes prescribe. (Code Civ. Proc. §§ 550, 551, 1742–1774; *Dudley* v. *Mayhew*, 3 N. Y. 9; *In re N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 374, 379; *Miller* v. *Miller*, 7 Hun, 208; *Erkenbrach* v. *Erkenbrach*, 96 N. Y.

456; *Romaine* v. *Chauncey*, 129 N. Y. 571; *C. T. Co.* v. *Wetmore*, 67 Hun, 9.) If in this action, considered as a creditor's action, any portion of the trust fund could be reached, no more could be reached than had accumulated at the time the action was brought. (*Tolles* v. *Wood*, 16 Abb. [N. C.] 1; 99 N. Y. 616; *Stewart* v. *McMartin*, 5 Barb. 438; *Noyes* v. *Blakeman*, 2 Seld. 567; *In re Hoyt*, 5 Dem. 432.)

*Gerrard Irvine Whitehead* for appellant, William B. Wetmore. If it should be held that the judgment in the action at bar is a debt due from the defendant to his former wife, then he is entitled to the protection the statute affords him as to his maintenance and support out of the income of the trust fund. (Code Civ. Proc. §§ 1871–1879; *Tolles* v. *Wood*, 99 N. Y. 616; *Miller* v. *Miller*, 1 Abb. [N. C.] 30; *Barber* v. *Barber*, 21 How. [U. S.] 582.) If, however, it should be held that the claim of the former wife is not a debt, but even under the judgment for money which was docketed as the foundation of this action, retains its form of alimony, it can only be collected in the manner pointed out by the Code. (*Hadden* v. *Spader*, 20 Johns. 562.) The plaintiff here can only maintain this action as a judgment creditor, and it is as such she sues. (*Miller* v. *Miller*, 7 Hun, 208.) The defendant William B. Wetmore, as a beneficiary of the trust created by the will of his father, Samuel Wetmore, is entitled to his personal maintenance and support, in his accustomed manner of living, out of the income of the fund. (3 R. S. [7th ed.] 2180; *Silleck* v. *Mason*, 2 Barb. Ch. 79; *Scott* v. *Nevius*, 6 Duer, 672; *Hallett* v. *Thompson*, 5 Paige, 583; *Stow* v. *Chapin*, 21 N. Y. S. R. 38.) It is the duty of the plaintiff to show what would be a proper allowance to the beneficiary for his support, and that there would be a surplus of income over and above this sum. (*Kilroy* v. *Wood*, 42 Hun, 636.) The court exceeded its powers in decreeing that the future income received from the trust fund should be applied to the payment of future alimony as it accrues. (*Parker* v. *Harrison*, 10 J. & S. 150; *Wetmore* v. *Truslow*, 51 N. Y. 338.)

*Flamen B. Candler* for respondent. The action was properly brought by the plaintiff, even though she be considered simply a judgment creditor for the $4,500 mentioned in the complaint, and by the commencement of the action she acquired a lien upon the net surplus income of the trust estate due and to become due to the extent necessary to secure her claims, and by reason of such lien and of the restrictions in the will creating the trust estate, the defendant William B. Wetmore has no power to dispose of the income so as to defeat the plaintiff's lien and claims. (*C. T. Co.* v. *Wetmore,* 67 Hun, 9; Code Civ. Proc. §§ 1871, 1879; *Williams* v. *Thorn,* 70 N. Y. 270; 81 N. Y. 381; *Tolles* v. *Wood,* 99 N. Y. 616; 16 Abb. [N. C.] 1; *Graff* v. *Bonnett,* 31 N. Y. 9; *Craig* v. *Hone,* 2 Edw. Ch. 376; *Sillick* v. *Mason,* 2 Barb. Ch. 79; *Foster* v. *Townshend,* 68 N. Y. 203; *Lansing* v. *Lansing,* 4 Lans. 377; *Miller* v. *Miller,* 7 Hun, 208; Code Civ. Proc. § 1240; *Ryckman* v. *Ryckman,* 34 Hun, 236; 2 Lewin on Trusts, 875.) The action was properly brought by the plaintiff, and can be maintained by her to reach the surplus income from the trust estate created for the benefit of the defendant William B. Wetmore, so far as the same may be necessary for the payment to her of the $10,500 due to her as proved upon the trial, and for the payment to her annually of the $6,000 awarded to her by the judgment of divorce mentioned in the complaint. (*Thompson* v. *Thompson,* 52 Hun, 456; *Miller* v. *Miller,* 1 Abb. [N. C.] 30; *C. T. Co.* v. *Wetmore,* 67 Hun, 9.) Independently of the provisions of the statute and of the question as to whether or not an execution has been issued, the court under its general powers, as a court of equity, can grant full relief under the particular circumstances of this case. (*Nat. T. Bank* v. *Wetmore,* 124 N. Y. 241; *Harvey* v. *McDonnell,* 113 N. Y. 526; *National Bank* v. *Levy,* 127 N. Y. 549, 555.) The granting of costs to the plaintiff and the inserting in the judgment the usual provisions in equity suits giving her leave to apply for such decretal orders at the foot of the decree as may be necessary for its enforcement were discretionary with the

trial court and furnish no ground for a reversal. (Code Civ. Proc. § 3230; 1 Barb. Ch. Pr. [1st ed.] 332, 333; 2 Barb. Ch. Pr. [1st ed.] 453, 454.) The exception that the judgment of divorce is no evidence as to the amount of the trust fund needed for the support of the defendant William B. Wetmore is frivolous. (*Ferguson* v. *Hubbell*, 97 N. Y. 507; *Genet* v. *Beekman*, 45 Barb. 382; *Sillick* v. *Mason*, 2 Barb. Ch. 79; *Moulton* v. *de ma Carty*, 6 Robt. 533; *Paige* v. *Hazard*, 5 Hill, 603; *Morehouse* v. *Mathews*, 2 N. Y. 514; *McGregor* v. *Brown*, 10 N. Y. 114; *N. T. Bank* v. *Wetmore*, 124 N. Y. 248; *Wetmore* v. *Wetmore*, 8 Misc. Rep. 51; 79 Hun, 268.)

HAIGHT, J. This action was brought to obtain a judgment applying the accumulated income of a trust estate created for the benefit of the defendant William B. Wetmore in satisfaction of the plaintiff's judgment for alimony due, and which may accrue to her in the future.

The plaintiff was his wife, and on the 1st day of April, 1892, obtained a judgment of absolute divorce in the Supreme Court which required him to pay her as alimony the sum of three thousand dollars per year, and the further sum of one thousand dollars per year for each of her three infant children until they should respectively become of age. To secure such payments he was required to give a bond in the penal sum of fifty thousand dollars, with two sufficient sureties. At the time of entering the judgment he resided in the city of New York, but shortly thereafter removed to the state of New Jersey, and ever since has remained absent from this state, and has not given the bond required by the judgment, nor paid any of the alimony. After the sum of four thousand five hundred dollars of the alimony had become due and payable, a judgment was entered against him in favor of the plaintiff for that amount, on which an execution was issued and returned unsatisfied. Proceedings were then instituted to sequester his property found within the state, but none was discovered, and all attempts to collect the alimony due, either by action or proceedings, failed. (*Continental Trust Co.* v. *Wetmore*, 67 Hun, 9.)

After exhausting the remedies given the plaintiff by law this action was commenced, and the chief question brought up for review is as to the jurisdiction of the court to award the judgment appealed from. It is claimed that it subverts, and in effect abrogates, the provisions of the will of Samuel Wetmore, made for the support of his son, the defendant William B. Wetmore.

Samuel Wetmore was a resident of the city of New York, and on the 6th day of March, 1885, died, leaving a last will and testament, in which, among other things, he gave and bequeathed to his executors one hundred thousand dollars upon trust, to keep the same invested and collect the profits therefrom, and to apply the net income from time to time, as it should accrue, to the use of his son so long as he shall live. By the eighth clause of his will he directed that "no person for whose benefit any trust is hereby created shall have power to anticipate or to dispose of any income directed to be paid or applied to the use of such person until the same shall have fully accrued and become payable to such heir, and the trustees of said respective trusts are empowered and requested to disregard and defeat every assignment or other act in contravention of this clause in my will." By the ninth clause he provided: "I declare that this, my will, and every part thereof, is made with reference to the present existing laws and statutes of the state of New York relating to trusts and, trust estates and the disposition of personal estates by will or legal distribution, and without regard to the laws and regulations of any state or country where I may happen to be at the time of my decease, or where any portion of my estate may be situated."

Section 57 of the Revised Statutes with reference to uses and trusts provides that "Where a trust is created to receive the rents and profits of lands, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person

in the same manner as other personal property which cannot be reached by an execution at law." It has been held that this provision of the statute is equally ·applicable to a ·trust created to receive and pay over the income of personal property. And that an action may be maintained by a judgment creditor after the return of an execution unsatisfied to reach the surplus income beyond what is necessary for the suitable support and maintenance of the *cestui que trust* and *those dependent upon him.* ( *Williams* v. *Thorn,* 70 N. Y. 270; *Tolles* v. *Wood,* 99 N. Y. 616; *Graff* v. *Bonnett,* 31 N. Y. 9; *Sillick* v. *Mason,* 2 Barb. Chan. 79.)

Is the plaintiff such a creditor? As we have seen, a judgment has been entered in her favor for the alimony that had become due and payable. She is, therefore, as to that amount a judgment creditor, and as such entitled to avail herself of all the remedies given by the statute. It is claimed that this judgment was irregularly entered. Its regularity is supported by the General Terms. (*Miller* v. *Miller,* 7 Hun, 208; *Lansing* v. *Lansing,* 4 Lansing, 377; Code of Civil Procedure, sec. 1240.)

But this question we do not consider now before us for determination. If the judgment was entered irregularly, or without authority, the judgment debtor should avail himself of appropriate remedies to rid himself therefrom, for judgments *ordinarily·* will not be annulled in collateral actions where they are incidentally brought in question.

Inasmuch as the judgment entered for alimony past due does not cover all of the alimony that has accrued and is provided for in the judgment entered in this action, it becomes necessary to determine the effect of the judgment in the divorce action awarding alimony to the plaintiff.

In *Romaine* v. *Chauncey* (129 N. Y. 566) alimony had been awarded to an innocent wife as incidental to a decree of divorce in her favor for her support and maintenance. It was held that the awarding of alimony was not the enforcement of a debt due to the wife from her husband, but was founded upon the marital obligation of support, from which he was

not relieved by the decree. Its allowance is measured by the court, and is made specific. And whilst in one sense it is the property of the wife, it is a specific sum provided for a specific purpose created by equity, having the protection of equity, and consequently will not be applied in the payment of debts contracted by her prior to the decree. It will thus be seen that the awarding of alimony is not on account of any debt due and owing from the husband to the wife, but that it is based upon a duty devolving upon the husband to support her. And that in awarding judgment against him the court determines the amount necessary for such support, and requires the amount so fixed to be paid to her. His duty is thus determined. And from that time on he is in effect a debtor owing his wife the amount adjudged and determined by the decree. Whilst such amount is in effect the property of the wife, yet, it being created and protected by equity, cannot be reached by prior existing creditors.

The will, as we have seen, contains no direction for the accumulation of surplus. Such surplus over and above that which is necessary for the support of the defendant William is, therefore, under the statute made liable in *equity* to the claims of his creditors. *Equity* is here given jurisdiction to apply such surplus. And it appears to us that the plaintiff is a creditor within the spirit and intention of the statute.

The Constitution gives to the Supreme Court general jurisdiction in law and equity. As a court of equity it is invested with the power and jurisdiction exercised by the ancient Court of Chancery in England with the exceptions, additions and limitations created and imposed by the Constitution and laws of this state. (2 R. S. 173, § 36.)

The Code contains statutory provisions with reference to the collection and enforcement of judgments awarding alimony. It, however, contains no provision attempting to limit or curtail the powers of the court of equity. It is the province of that court to interpose when the law fails to afford an adequate remedy. (*N. T. Bank* v. *Wetmore*, 124 N. Y. 241.)

As we have seen, the plaintiff has availed herself of the remedies given by statute without success. She then brought this action appealing to the equity powers of the court to enforce her rights. When she became the wife of the defendant William he undertook to support and maintain her during life. That duty still devolves upon him, notwithstanding the decree of divorce. Being the guilty party, his duty is continued, and is measured and fixed by the decree. (*Romaine* v. *Chauncey, supra.*)

At common law the husband and wife were recognized as one. The Married Women's Acts have to some extent changed the common-law rule. But as to the question we have here under consideration their common-law unity still exists. (*Bertles* v. *Nunan*, 92 N. Y. 152.)

The will creating the trust for the benefit of William makes no mention of his wife. And yet, owing to their unity of person and his duty to support her, equity will not permit the interposition of creditors until there is a surplus over and above that which is necessary for the support of himself, his wife and infant children. (*Williams* v. *Thorn*, 70 N. Y. 270 ; *Tolles* v. *Wood*, 99 N. Y. 616 ; *Sillick* v. *Mason*, 2 Barb. Chan. 79.)

Equity will not feed the husband and starve the wife. Neither will it favor the wife to the detriment of the husband. Treating them as one, and both entitled to support out of the income of the estate, so far as creditors are concerned, furnishes a just rule and a safe basis for adjustment where the question of support arises between themselves. In *Thompson* v. *Thompson* (52 Hun, 456) a trust had been created by will in favor of the defendant similar to the one in question. The plaintiff was the wife of the defendant, and had obtained a divorce with an allowance of eight hundred dollars per year for her support. That action, like this, was brought to compel the trustee to pay her alimony out of the income of the trust estate payable to her husband. Judgment was awarded in her favor, and the same was affirmed in the General Term.

In *Clinton* v. *Clinton* (L. R. [1 Pro. and Div.] 215) the

67

court had made an order on the respondent for payment of permanent alimony at the rate of one hundred and ten pounds per annum so long as he was in receipt of a rent charge of four hundred pounds per annum, his only source of income. The respondent had become a bankrupt, and had failed to comply with the order of the court. It was held that sequestration in general terms should issue against his property.

In *Watkyns* v. *Watkyns* (2 Atkyns, 96) a bill was brought against the husband for maintenance. It appeared that the defendant had possessed himself of the fortune of his wife and then departed the kingdom, without leaving any provision for her maintenance. The decree adjudged that the interest arising from the trust money should be paid to her until the husband returned and maintained her. (See, also, *Head* v. *Head*, 3 Atkyns, 295; *Colemore* v. *Colemore*, referred to therein, and *Miller* v. *Miller*, 1 Abb. N. C. 30.)

The judgment requires the trustee to pay over not only the surplus accumulated, but that which shall hereafter accrue in satisfaction of the plaintiff's allowance for alimony. We do not think the court exceeded its powers in this respect, or that the judgment operates to annul the trust. To hold that a separate action must be brought as each annual or semi-annual payment accrued, would be burdensome and unnecessary. The question is analogous to that disposed of in the case of *Williams* v. *Thorn* (70 N. Y. 270), in which it was held that the remedy of the creditor is not confined to the surplus which has accrued and accumulated in the hands of the trustee, but that provision may be made in the judgment determining what will be a reasonable allowance for the *cestui que trust*, and directing the application towards the payment of the judgment out of any future surplus.

The judgment makes no provision for the support of the defendant William. The trust was created for his benefit. He is entitled to his support as well as the plaintiff, and it is the duty of the court to properly protect him in this respect. But it is found as a fact by the trial court that at the time of the entering of the judgment in the divorce action he was pos-

sessed of an estate in his own right of the value of about two hundred thousand dollars, from which, with the trust estate, he had an income of about fifteen thousand dollars per year. That after the decree he removed with his estate from the jurisdiction of the court, and has continued ever since to refuse obedience to its mandates. The inference to be drawn from the facts is that his income is sufficient to support him. If this is not so, it was his duty, upon the trial, to have presented evidence showing his necessities.

The case of *Holden* v. *Strong* (116 N. Y. 471) has no application to the question here presented. In determining the defendant's necessities, we think the rule is well stated in *Moulton* v. *de ma Carty* (6 Robt. 533): " It is proper to consider his station in life and the manner in which he has been reared and educated, his habits *and the means he may have to aid in his support.*" It is suggested that his circumstances may change, and that in such case the income from the trust estate, or some portion thereof, should be devoted to his maintenance. This is true, and in this respect we think the judgment should be modified. It permits the plaintiff to apply, from time to time, for such orders at the foot of the judgment as may be necessary for its enforcement. And we think that, in view of the fact that the judgment appropriates the future income from the trust estate for the support of the defendant William's wife and children, that he also should have leave at any time to apply for leave to share in such income, or to modify the judgment in that regard.

The judgment should be modified accordingly, and as so modified affirmed with costs.

All concur.

Judgment accordingly.