(27 Misc. Rep. 700.)

WETMORE v. WETMORE et al.

(Supreme Court, Special Term, New York County. June, 1899.)

DIVORCE—APPLICATION OF TRUST FUNDS TO PAYMENT OF ALIMONY.

Plaintiff, having obtained a divorce from defendant, was awarded $3,000 a year alimony and $3,000 a year for the maintenance of her three children. At this time defendant was possessed of $200,000 worth of property and the income of a trust estate of $100,000. Defendant did not pay the alimony, and has always remained out of the jurisdiction. The income of the trust fund was subjected by decree to the payment of the $6,000 a year. Plaintiff subsequently married a man with a large income, who at the present time is able and willing to support her in her former station in life. Defendant, having wasted his fortune, and needing the trust income for his maintenance, applies for a modification of the decree. Held, that the decree be modified, allotting to defendant all the trust income above the $3,000 a year for the maintenance of the children.

Action by Annette B. Wetmore against William Boerum Wetmore and others. Application by defendant William Boerum Wetmore for the modification of a decree applying a trust income to the payment of alimony. Modified.

Jay & Candler, for plaintiff.
Hatch & Wickes, for defendants.

SCOTT, J. This is an application to modify, in the particulars hereinafter mentioned, the decree entered herein on April 30, 1894. The plaintiff and defendant, who were formerly husband and wife, were divorced, in an action brought by the wife, by a decree dated April 1, 1892. That decree awarded to plaintiff the custody of their children, issue of the marriage, and the sum of $3,000 per annum alimony, and further directed the payment by defendant, for the maintenance of each child during its minority, of the further sum of $1,000 per annum, being for the three children $3,000, making in all the sum of $6,000, which the judgment of divorce directed the defendant to pay annually. The judgment further directed him to give two bonds, with sureties, each in the sum of $25,000, to secure the payment of the sum directed to be paid for alimony, and for the support of the children, respectively. This allowance was based upon a finding by a referee, whose report was confirmed by the court, that the defendant at that time was possessed of an estate of the value of $200,000, and was the beneficiary of a trust fund amounting to $100,000. The defendant has never given the bonds provided for by the decree of divorce, and has never paid any portion of the

sum directed to be paid for alimony and the support of his children. He is also indebted for costs and interest to an amount exceeding $1,000. The plaintiff has, however, received, since the entry of the decree herein, income from the trust fund above referred to, to the amount of about $25,000. The defendant, therefore, is still indebted to the plaintiff, under the decree of divorce, in a very large amount, for the nonpayment of which he is liable to be punished as for a contempt if he should come within the jurisdiction of this court. He has, however, persistently absented himself from this state, and it is stated, on behalf of the plaintiff, that, although strenuous efforts have been made, she has been unable to find in this state any property of the defendant, except his interest in the trust fund, out of which to satisfy any part of the amount due. When the alimony had so accumulated as to amount to $4,500, an execution was issued against defendant's property, which was returned unsatisfied. Proceedings were then instituted to sequester his estate, and the Continental Trust Company was appointed receiver of his personal property and of the rents and profits of his real estate. The present action was then commenced to reach the income of the trust fund above referred to. A judgment was entered herein directing payment to the plaintiff of the net income of said trust estate to the extent of $6,000 per annum, to be applied to the payment of the amounts awarded to plaintiff by the decree of divorce for her support and for the maintenance and education of her children. This decree was affirmed by the general term of this court, and, with a certain modification to be hereafter referred to, by the court of appeals. The plaintiff has been paid the whole net income from said trust estate, which has varied somewhat from year to year, the amount realized in 1898 being $3,685. The decree of this court directed the income up to $6,000 per annum to be paid to plaintiff absolutely, subject to a deduction of $1,000 per annum on the death or majority of any child, but, as to the $3,000 per annum for plaintiff's own support, it provided that the amount should be paid so long as plaintiff and defendant should both live. Leave was given to the plaintiff to apply, from time to time, at the foot of the decree, for other and further relief, but no such leave was given to the defendant. The modification made by the court of appeals consisted in adding to the decree the words, "and that the said defendant William B. Wetmore also shall have leave at any time to apply for leave to share in the future income of the trust estate hereinbefore mentioned and referred to, or to modify this judgment in that regard." Pursuant to the leave thus granted, the defendant made the present motion to modify the decree as follows: First, that the trustee of the trust estate be directed to pay to plaintiff only so much of the income hereafter accruing as shall be sufficient for the education and maintenance of the children, not to exceed the sum of $3,000 per annum; second, that the surplus income, after making the payments aforesaid, be applied by the trustee wholly to the support and maintenance of the defendant, William B. Wetmore, if he shall require the same for such purpose, and to pay only such surplus as shall not be requisite for his support and main-

tenance to the plaintiff in satisfaction of her judgment for alimony; third, that the said trust estate be relieved from the payment of any further sum for arrears of alimony, and especially that the judgment be modified so as to revoke and modify all portions therein requiring the payment of any sum as alimony to the plaintiff herein since November 22, 1894, the date of her remarriage. The motion was denied at special term, leave being given defendant to renew it upon paying to plaintiff all arrears of alimony and costs. Upon appeal to the appellate division, this order was reversed (51 N. Y. Supp. 797), and "the issues raised by the application, which resulted in said order," were referred to a referee to take proof offered by the respective parties, and to report, with his opinion thereon, to the court at special term, and "that the affidavits used on the motion which resulted in said order * * * be treated by the said referee merely as in the nature of pleadings with regard to this supplemental application in this action." The referee, having taken such testimony as was offered, has reported the same, with his opinion therewith, to the court, and the defendant, upon such report and testimony and the papers upon which the motion was originally heard, renews the motion for the relief sought. The opinion of the referee is adverse to the granting of the motion; but, while this opinion is entitled to great weight and consideration, it is not conclusive upon the court, being merely advisory in its nature. The duty still rests upon the court to examine the affidavits, exhibits, and testimony, and to arrive at its own conclusion thereon as to the proper order to be made. The admonition addressed to the referee by the appellate division as to the weight and effect to be given to the affidavits used on the motion should be regarded by this court, and it becomes important to ascertain just what was meant by the somewhat unusual direction that they were to be treated as being "merely in the nature of pleadings." Read in conjunction with the phrase in the order which stated what was referred to the referee, the meaning appears clear. What was referred to him was "the issues raised by the application which resulted in the order," which was reversed. All issue in legal parlance is raised by an affirmation, on the one hand, and a denial, on the other, so that the issues of fact raised by the affidavits upon which the application for the order was based were those allegations of fact which were made by one party and controverted by the other. If the affidavits are to be treated and considered merely in the nature of pleadings, it follows that, as to any allegations of fact in defendant's affidavit, which are denied in the affidavit read on behalf of the plaintiff, the defendant's affidavit is not to be accorded any probative force. On the other hand, any allegation of defendant's affidavit which is not controverted by the plaintiff must, for the purposes of this motion, be taken as true. Code Civ. Proc. § 522. As to such allegation no issue is raised. The meaning of the appellate division appears to have been that the motion should be treated and determined exactly as if it were an action for a modification of the decree, wherein the defendant was plaintiff, suing upon a complaint framed as is his affidavit here, and the plaintiff

was defendant, with an answer framed as is the affidavit read here in her behalf. In such a case any allegation of the complaint which was denied by the answer would go for naught, unless supported by proof, and any allegation not denied would be taken as true without proof. It becomes necessary, therefore, at the outset, to consider the contents of the affidavits read on the motion. In its opinion in this case, the court of appeals uses the following language:

"The judgment makes no provision for the support of the defendant William. The trust was created for his benefit. He is entitled to his support as well as the plaintiff, and it is the duty of the court to properly protect him in this respect. But it is found as a fact by the trial court that, at the time of the entering of the judgment in the divorce action, he was possessed of an estate, in his own right, of the value of about two hundred thousand dollars, from which, with the trust estate, he had an income of about fifteen thousand dollars per year. * * * The inference to be drawn from the facts is that his income is sufficient to support him. If this is not so, it was his duty, upon the trial, to have presented evidence showing his necessities. * * * It is suggested that his circumstances may change, and that in such case the income from the trust estate, or some portion thereof, should be devoted to his maintenance. This is true, and in this respect we think the judgment should be modified." 149 N. Y. 530, 44 N. E. 169.

Availing himself of the leave given by the judgment as modified by the court of appeals, the defendant undertakes to show by his affidavit that his circumstances have materially changed since the rendition of the decree in the action for divorce. He swears that all his property to-day, in addition to his interest in the trust fund which is involved in this action, consists of certain real estate in Kansas, worth not more than $500, and of the equity, if any, in five Georgia Pacific bonds, upon which he has borrowed from a bank their full value, and that of the money so borrowed he has now less than $300. The affidavit read in behalf of the plaintiff does not deny, or in any manner question, this statement of the defendant's present resources, and it must, therefore, if the affidavits are to be treated as pleadings, be taken as true, and in point of fact there is nothing in any of the papers, or the testimony taken by the referee, to cast doubt upon the statement. If true, it certainly shows a very material change in defendant's circumstances since 1892, when he was found to be worth over $200,000, in addition to his interest in the trust fund. The plaintiff, by her attorney, goes into certain calculations designed to show that, assuming defendant's statement of his present property to be true, he must have been very unfortunate or very extravagant to have become reduced to such extremities. This is undoubtedly true, and if it appeared that the plaintiff was in danger of suffering for lack of income of the trust estate, if deprived of any part of it, the consequences of defendant's imprudence should be allowed to lie where they have fallen. The affidavits and testimony, however, show an even more marked change in the plaintiff's circumstances since the judgment in this action was rendered. She has remarried, her present husband being a physician of prominence in his profession, enjoying a lucrative practice, and whose standing is, as stated by her own counsel in his affidavit, "of the best and highest in the city," and

there is no suggestion in the affidavit or elsewhere that the plaintiff herself is now in actual need of any contribution to her support by her former husband, in order that she may be properly maintained in a social position commensurate with the means and standing of her present husband. It is quite true that, the judgment of divorce between these parties having been entered prior to 1894, the court could not, even if disposed to do so, modify the decree so far as it awards alimony to the plaintiff. Walker v. Walker, 155 N. Y. 77, 49 N. E. 663. But this is not an application to modify the decree of divorce in any regard, and, if granted, it will not in any degree lessen the defendant's obligation to pay alimony, or affect any remedy afforded by the law to enforce its payment. In a certain sense, undoubtedly, alimony, as it becomes due, constitutes a debt from the defendant to plaintiff, and, whether this motion be granted or not, the defendant will still be indebted to plaintiff for all the arrears of alimony, and be bound to pay alimony in the future. The judgment in this action impounding the interest of the trust fund did not proceed upon the theory that it was to be paid over to plaintiff, as to a creditor, in satisfaction of a debt. If such had been the theory of the action, the judgment would have provided first for the support of the defendant, and appropriated only the surplus, if any, not required by him, to the payment of his indebtedness. At the general term the judgment herein was affirmed upon the express ground that the plaintiff was not an ordinary creditor of defendant, and that her claim and that of her children to support was higher and greater than that of any ordinary creditor; that his legal obligation to support and maintain them was interwoven with the trust, became part of it, and vested in the wife and children jointly with the beneficiary and as his family the right to support and maintenance out of the trust income. 79 Hun, 271, 272, 29 N. Y. Supp. 440. So, also, the court of appeals placed its affirmance of the judgment upon the distinct ground that, notwithstanding the decree of divorce, the defendant owed to the plaintiff, as his wife, the duty to support and maintain her, and that the award of alimony in the decree merely fixed and measured the extent of his duty. 149 N. Y. 529, 44 N. E. 169. It would seem that in all fairness a woman was not entitled to be supported by more than one husband at the same time, and that, so far as the application of the income of the trust fund to plaintiff's support was based upon a quasi relation of husband and wife, and the consequent identity of the plaintiff with defendant as a cestui que trust of the trust estate created in terms for his benefit alone, the reason for such application ceased when the plaintiff remarried, and thus found another husband upon whom the law cast the duty of support and maintenance,—a duty which plaintiff's present husband seems quite able and willing to fulfill. Especially is this so where it appears, as in the present case, that the plaintiff no longer needs any contribution from her former husband, and his means have substantially disappeared. The plaintiff, however, seeks to defeat the present motion by showing that, although she herself is in no need of support from her former husband, still the allowance made for that pur-

pose by the divorce decree is inadequate for the maintenance and education of her children. The answer is that the sum awarded for that purpose was fixed by the divorce decree, and was based upon the finding that the defendant was worth $200,000, besides his interest in the trust fund; and, if it was adequate then, it certainly cannot be said to be inadequate now, in view of his present circumstances. To spend $8,000, or even $6,000, per annum, upon three children at their present ages, is to bring them up in a manner wholly inconsistent with their present position in life, or any prospects they are shown to have in the future, and should not receive the sanction and approval of the court. The defendant does not seek to reduce in any way the payment, out of the income of the trust fund, of the allowance made by the divorce decree for the benefit of the children. I am not much impressed by the fact, upon which the plaintiff lays so much stress, that the defendant failed to present himself before the referee for cross-examination as to his present means. The record shows that he offered, through his counsel, so to present himself, if plaintiff by her attorney would stipulate that there should be no attempt made to arrest him for nonpayment of alimony while in attendance at, or in going to or returning from, the referee's office,—a stipulation which the plaintiff's attorney distinctly refused to make. Of course, the plaintiff was under no obligation to enter into any such stipulation, but to have done so would have deprived her of no advantage which she otherwise possessed, and the refusal to make it, coupled with the absence of any denial of the defendant's statements as to his present financial condition, compels the conclusion that the plaintiff believed that a cross-examination of defendant would not tend to disprove his allegations in that regard. Nor do I think that this motion should be denied simply because the defendant is in arrears for alimony, or be granted upon condition that he presently pay up all of such arrears. If he was applying for a reduction of alimony, were such a thing possible in this case, or seeking relief from punishment for nonpayment, such a condition would be proper. That is not, however, what he is seeking. He is only asking that a very small proportion of the income from the trust estate shall be paid to him, who needs it, instead of to his former wife, who no longer needs it. I cannot avoid the conclusion that this motion presents the very contingency contemplated by the court of appeals when it modified the judgment, and that the decree should be amended by providing that, from the date of such amendment, the income of the trust fund over and above $3,000 per annum should be paid to the defendant, or applied to his use.

Ordered accordingly.