Robert Richardson, an Infant, by Frank A. Richardson, His Guardian ad Litem, and Others, Plaintiffs; Catherine M. Richardson and Frank A. Richardson, Appellants, v. County of Nassau, N. Y., Respondent, and Chester Jones, Defendant.— Action to recover damages for personal injuries and property damage suffered by appellants and others as a consequence of the alleged negligence of the respondent, County of Nassau, growing out of the collision of a car operated by one of the plaintiffs with a car operated by a police officer of the respondent. Order granting respondent's motion to dismiss the complaint because of appellants' failure to serve a notice of claim within thirty days after the happening of the accident, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

Frank Shiposki, Respondent, v. John von Leidersdorff, Defendant, and Maude von Leidersdorff, Appellant.— Order denying motion to vacate warrant of attachment and levy made thereon, and order of publication, affirmed, with ten dollars costs and disbursements. Income which accrued constituted property of appellant even though the trustee was not required to pay it over until the termination of the current quarter-annual period. (See Surr. Ct. Act, § 204; *Tolles* v. *Wood*, 99 N. Y. 616, more fully reported in 16 Abb. N. C. 1.) In any event, in the light of failure by or on behalf of appellant expressly to disclaim that such income was presently payable and the averment of respondent's attorney that the trustee admitted setting apart the property of appellant in accordance with the levy, any issue of fact was properly determined. Appeal from order denying motion for reargument dismissed, without costs. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

Becky Skolnick and Samuel Skolnick, Appellants, v. John J. Fumo, Respondent.— Order denying appellants' motion, under section 1493, Civil Practice Act, for a transcript of the stenographer's minutes, reversed on the facts, without costs, and the motion granted, without costs. On the facts appearing in the papers on appeal, which are undisputed, it appears that a *prima facie* case was established and that the complaint should not have been dismissed. A reading of the transcript of the whole evidence may disclose a contrary conclusion, but on the present papers we believe the motion should have been granted. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.